CHARLES RICE, Respondent, v. GERALD NINACS, Appellant.

Fourth Department, June 30, 1970.

*Phelps, Gray, Mansour & Hewitt (Benjamin N. Hewitt* of counsel), for appellant.

*Minicucci & Halpin* (*John R. Minicucci* of counsel), for respondent.

DEL VECCHIO, J. P. In this negligence action to recover damages for personal injuries defendant appeals from a judgment entered upon a verdict in favor of plaintiff in the sum of $15,000 and from an order denying his motion for a new trial or reduction of the verdict. There is no issue of liability on the appeal; defendant consented to a directed verdict on this issue at the close of the proof. He now claims that the verdict was excessive and that he was unfairly prejudiced by incidents which occurred during summation.

On August 15, 1966 plaintiff, then 44 years of age, was sitting in his parked car when it was struck in the rear by defendant's car causing him to hit the steering wheel, resulting in immediate chest pains and shortness of breath. He also sustained injuries to his neck, shoulders and back. (In 1965 he had been struck in the back by a heavy object causing him to lose one day from work but he had had no prior injury to his chest, shoulder or neck.) He was immediately examined and treated by an internist who had previously treated him for a heart attack. His neck and back continued to bother him and nine days after the accident he was referred to a general surgeon, who gave him a complete examination, took X rays of his spine and became his principal attending physician for the injuries sustained. The doctor found marked spasm of the neck muscles, the cervical spine and the lower spine, limitation of motion in all positions causing excruciating pain and severe tenderness in the front portion of the left chest. There was no mark on the outside of the neck but in his opinion there were bleeding, contusion and ruptures of the soft tissues within the neck. X rays revealed a fracture of the sixth rib anteriorly in the front and a straightening of the normal curvature of the neck. His diagnosis of plaintiff's injuries was a cervical sprain, fracture of the left sixth rib, strain of the upper back, nerve root pressures in the neck and aggravation of a previous low back injury. He treated plaintiff regularly in 1966, saw him on a monthly basis in 1967, once in 1968 and once in February, 1969. Plaintiff was required to wear a neck collar, a rib belt and a harness for his back. About one month after the accident the pain in the cervical spine radiated into the shoulder, down the left arm and into his fingers and persisted in 1966, 1967 and 1968. Because the pains in the neck, shoulders, arms and fingers continued, consultation was had with another doctor in March, 1966 when plaintiff was confined to bed for two weeks. Upon examination during the

trial plaintiff's physician found that there was pain on rotation of the neck to the left which caused a clicking and locking of the neck with the shoulder, that the lateral rotation to the left was restricted up to 14%, that the restriction was permanent, that his chronic low back condition, which was partly due to this accident, was permanent and that there was intermittent pain in the chest which caused intermittent shortening of the breath. He stated that in his opinion, since the complaints had persisted for almost three years, they would be permanent.

A doctor who examined plaintiff on behalf of defendant was not called to testify; consequently we may infer that his testimony would not have contradicted or qualified that of the plaintiff's doctor, if he had been called. (*Laffin* v. *Ryan,* 4 A D 2d 21.)

Upon the medical proof and plaintiff's testimony the jury could have found that as a result of this accident plaintiff sustained permanent injuries to the cervical spine which involve limitation of motion, nerve root irritation and pressure with spasm and excruciating pain radiating down the left arm, numbness in the fingers, pain on rotation of the neck to the left, fracture of the left sixth rib, strain of the upper back and sprain and aggravation of the low back.

In seeking a new trial or a reduction of the verdict defendant argues that " it is a shocking amount in view of the actual injury ".

We disagree. (Cf. *Bean* v. *Garfield,* 13 A D 2d 581; *Hynes* v. *Abrams,* 13 A D 2d 680.) A verdict for personal injuries should not be reduced or a new trial granted where there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony. (*Fitzgerald* v. *New York Cent. R. R. Co.,* 215 App. Div. 1.) The record before us does not divulge good grounds for reducing the verdict or granting a new trial.

Furthermore, we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our consciences. (Cf. *Reich* v. *Evans,* 7 A D 2d 765; *Laranjo* v. *Malik,* 11 A D 2d 863; *Banks* v. *Begell,* 1 A D 2d 726, affd. 2 N Y 2d 736.) In view of the permanent injuries sustained by plaintiff, we cannot say that the verdict shocks our consciences. Moreover, it did not shock the conscience of the Trial Judge who denied defendant's motion for a new trial and refused to reduce the verdict. We see no fair basis for interfering with his discretion.

With regard to the claim of impropriety during plaintiff's closing argument, it should be noted that the summations were not recorded and no objection or request to admonish counsel

to desist was made during the summation, although a stenographer was available at that time. Defendant waited until the day after the jury had returned its verdict to claim that plaintiff's counsel had made improper comments during summation.

In *Cattano* v. *Metropolitan St. Ry. Co.* (173 N. Y. 565) the court said at page 572: " The plaintiff's counsel was permitted to finish his address without any objection. The court was not asked to take any action or make any ruling until after the charge had been delivered. The remedy of the defendant was to move promptly for directions to counsel to desist, and to the jury to disregard. As was said by the Supreme Court of the United States: ' It is the duty of the defendant's counsel at once to call the attention of the court to the objectionable remarks and request its interposition, and, in case of refusal, to note an exception.' (*Crumpton* v. *United States,* 138 U. S. 361, 364.) "

Similarly, in speaking of improper remarks on summation, we have said: " The counsel for the defendant promptly asked for the interposition of the court whenever opposing counsel overstepped the bounds of propriety in his remarks. This was the proper method to counteract the sting of these assertions or to secure consideration of their damaging effect on appeal. (*Dimon* v. *N. Y. C. & H. R. R. R. Co.,* 173 N. Y. 356.) " (*Kinne* v. *International Ry. Co.,* 100 App. Div. 5, 8–9.)

Defendant here failed to meet the obligation of prompt objection but instead waited to learn the outcome of the jury's deliberation before raising the alleged improprieties.

Furthermore, the attorneys and the court have different recollections as to what was said. Since we do not have a transcript of what occurred during summation, we have no basis upon which we can determine whether any comments were prejudicial. In a similar situation, where the record failed to reveal comments made by counsel on summation which were claimed on appeal to have been prejudicial, the Court of Appeals said: " in order to be available a complete history of the transaction, including all that was said and done, should be spread before the appellate court. Otherwise it would be unable to determine whether the alleged error was prejudicial or not. *  *  *  the comments of counsel for the plaintiff in this case may have been injurious to the defendant, but they are not presumed to have been so, and as they have not been presented to us we are unable to determine whether they were or not." (*Tisdale* v. *President, etc. of Delaware & Hudson Canal Co.,* 116 N. Y. 416, 421.)

In any event, there is no merit to defendant's contention that it was improper for plaintiff's counsel to state on summation

the amount demanded in the complaint. " Pleadings are always before the court without being formally offered in evidence. They may be referred to by counsel during the trial and their contents may easily be brought to the attention of the jury." (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362; *Holmes* v. *Jones*, 121 N. Y. 461, 466.) As was said in *Tisdale* v. *President, etc. of Delaware & Hudson Canal Co.* (*supra*, pp. 419–420) : " The object of pleadings is to define the issue between the parties and when an issue of fact is tried before a jury they cannot appreciate the evidence, as it is given, unless they know the nature of the issues to be decided. Hence it is customary and proper for counsel, in opening, to tell the jury what the issues are as well as what they expect to prove. \* \* \* The pleadings are before the court, not as evidence, but to point out the object to which evidence is to be directed. \* \* \* It is evident, therefore, that the established practice does not require that the contents of the pleading should be concealed from the jury, as improper evidence is required to be kept from their attention. On the contrary, as the pleadings mark the boundaries within which the proof must fall, counsel upon either side are permitted to point out where they claim those boundaries are, before they introduce their evidence. So, when summing up, they restate the issues in order to logically apply the evidence to them."

The extent of damages sustained by an injured plaintiff and the compensation due therefor is one of the principal issues in a personal injury action. Under the rule of the *Tisdale* case, plaintiff's counsel is entitled to place before the jury his client's contentions in this regard as set forth in the complaint and is therefore entitled to state the amount of damages demanded. When such amount is disclosed to the jury however the court should charge that the jury must determine the amount of its verdict solely from the evidence, that the allegations of plaintiff's complaint are not evidence and should not be considered as such by the jury in fixing the amount of its verdict. (See 14 ALR 3d 541, 558.).

For the above reasons, the judgment and order should be affirmed.

MARSH, GABRIELLI, MOULE and HENRY, JJ., concur.

Judgment and order unanimously affirmed with costs.