■ NATHANIEL WILLIAMS, as Administrator of the Estate of GRACE A. WILLIAMS, Deceased, et al., Appellants, et al., Plaintiff, v. LONG ISLAND RAIL ROAD, Respondent, and PATRICK MOLESE, Defendant.— In an action to recover damages for wrongful death and personal injuries, plaintiffs other than Nathaniel Williams in his individual capacity appeal from a judgment of the

Supreme Court, Suffolk County, entered September 8, 1971, in favor of defendant the Long Island Rail Road, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiff Nathaniel Williams was driving a station wagon, with his wife and two children as passengers, when it collided with a train, owned and operated by the defendant Long Island Rail Road, at a railroad crossing in the Village of Mattituck, Suffolk County. Mr. Williams' wife and his five-year-old son were killed. He and his nine-year-old daughter sustained severe injuries. The engineer who was operating the train died of unrelated causes during the pendency of the action; and all causes of action against him were discontinued. Plaintiff's action against the railroad ended with a 10-2 jury verdict in the latter's favor. One of appellants' contentions on appeal is that prejudicial error resulted from the court's charge with respect to the failure of the railroad to call as a witness one Benedetto Anelo, the fireman on the train. Preliminarily to discussing that question, we note that Mr. Williams and his daughter both testified that they did not hear the train whistle sounded. The sounding of a train whistle is a danger warning to cars and other vehicles on or near a railroad crossing. The record indicates that defense counsel, during his opening to the jury, informed the jury that he would produce the fireman and that the latter "will tell you what was done" (presumably whether the whistle was sounded). Notwithstanding such assurance, defense counsel, over objection, commented (during summation) on the failure to call the fireman. He stated that Mr. Anelo had been examined by plaintiffs before trial and that at that time his (Anelo's) responses to questions were taken down. Defense counsel then asserted that "plaintiff has that [referring to the transcript of the examination before trial] and he [plaintiffs' counsel] didn't read it to you." Despite a request by plaintiffs' attorney, the trial court refused to instruct the jury to disregard the remark. At this point defense counsel said: "Gentlemen, I can't read that examination. The plaintiff had it; he chose not to produce it." In our opinion, the trial court's action in refusing to sustain plaintiffs'. objection and instruct the jury to disregard defense counsel's aforementioned remarks was error, since nowhere in the record was it even mentioned that Anelo had been examined before trial (*Bromberg* v. *City of New York*, 25 A D 2d 885). Furthermore, defense counsel's explanation to the effect that plaintiffs' counsel had the transcript of Anelo's examination before trial and had chosen not to produce it placed plaintiffs in the posture of withholding pertinent evidence and not the railroad, on whom the onus properly belonged. With respect to the claim of error committed by the trial court in its charge in connection with the railroad's failure to produce Anelo, we must consider the pertinent part of the charge. It is as follows: "You must disregard the fact that Mr. Anelo was not called as a witness unless you are satisfied from the evidence in this case of two things: First, that Mr. Anelo was in a position to give evidence supporting the defendant's claim, that is, supporting the defendant's claim that the train gave timely, adequate, and reasonable warning of its approach, or was in a position to contradict the plaintiff's claim that no such warning was given; and secondly, you would have to be satisfied that the defendant Long Island Rail Road Company has not shown a reasonable explanation for the failure to call Mr. Anelo. Now, gentlemen, if you are satisfied as to these two things, then you may — I emphasize this may — in weighing the evidence in the case as to the warning or lack of warning, conclude that Mr. Anelo's testimony would not support the defendant's claim. You may do this in weighing the evidence, but you are in no way required to. *You may, on the other hand, conclude that Mr. Anelo's testimony*

*would have supported the defendant's claim as to his warning*" (italics supplied). In view of the fact that defense counsel in his opening had stated that Anelo was on the train acting as a lookout, it would appear, in the absence of evidence to the contrary, that he would also be able to testify as to whether or not the train whistle was sounded. As noted previously, the explanation by defense counsel for the failure to call Anelo was improper. Accordingly, the trial court's charge was erroneous insofar as it set forth two prerequisites which had to be satisfied before the jury could consider whether or not to draw certain inferences against the railroad. Appellants also contend that error was committed in that part of the above-quoted charge wherein the trial court stated: "You may, on the other hand, conclude that Mr. Anelo's testimony would have supported the defendant's claim as to his warning." In our opinion this instruction (which is not part of the pattern jury instruction in PJI 1:75) was erroneous, not only because it would permit the jury to draw a favorable inference with respect to the railroad, when the law permits, under the circumstances, only the possibility of an unfavorable inference to be drawn, but also because it would permit the jury to speculate as to what Anelo would have testified to, had he been called, something a jury is never permitted to do (see *Milio* v. *Railway Motor Trucking Co.*, 257 App. Div. 640, 641; see, also, *Noce* v. *Kaufman*, 2 N Y 2d 347, 353; *People* v. *Valerius*, 31 N Y 2d 51, 55). Appellants further contend that the trial court erred in refusing to permit their counsel to mention any monetary demand in his summation. While we do not view this as reversible error in and of itself, we do note that the extent of damages sustained by an injured plaintiff is one of the principle issues in a personal injury case and under the rule of *Tisdale* v. *President, etc. of Delaware & Hudson Canal Co.* (116 N. Y. 416, 419–20) the plaintiff's counsel is entitled to place before the jury his client's contentions in this regard as set forth in the complaint and is therefore entitled to state the amount of damages demanded (*Rice* v. *Ninacs*, 34 A D 2d 388, 391–392). However, as was also noted in *Rice* (*supra*, p. 392): "When such amount is disclosed to the jury \* \* \* the court should charge that the jury must determine the amount of its verdict solely from the evidence, that the allegations of plaintiff's complaint are not evidence, and should not be considered as such by the jury in fixing the amount of its verdict (See 14 ALR 3d 541, 548)." In our opinion, the cumulative effect of the afore-mentioned errors requires a new trial. Martuscello, Gulotta and Christ, JJ., concur; Munder, Acting P. J., concurs in the reversal of the judgment and the granting of a new trial, with the following separate memorandum: The verdict for the railroad is supported by the evidence. There is no claim to the contrary. Nevertheless, I conclude a new trial is required because prejudicial error was committed when the railroad's attorney was permitted in his summation to explain his failure to call the fireman, Anelo, by referring to an examination before trial which was *not* a part of the record. Further, there was no proof that the examination had in fact been held. The railroad's counsel asserted that "plaintiff has that [the transcript of the examination] and he [plaintiffs' counsel] didn't read it to you." Plaintiffs' attorney objected to the remark but the trial court refused to instruct the jury to disregard it. The railroad's counsel continued: "Gentlemen, I can't read that examination. The plaintiff had it; he chose not to produce it." This reference to something not in evidence, solely to create an unfavorable inference, was highly improper and should have been so characterized by the trial court (see *Bromberg* v. *City of New York*, 25 A D 2d 885). I have considered the other grounds relied upon for reversal and am not persuaded thereby.