◼ ANTOINETTE TERONE, Appellant, v FERDINAND F. ANDERSON et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Westchester County, dated June 23, 1975, which denied her motion for a new trial on the issue of damages only and (2) on the grounds of inadequacy, from a judgment of the same court, entered October 23, 1975, which is in her favor and against defendants, upon a jury verdict. Order and judgment reversed, on the law and in the interests of justice, motion granted, and action remanded to Trial Term for a new trial limited to the issue of damages, with costs to abide the event. No fact findings have been considered. In the opinion of this court, it was an improvident exercise of discretion for the Trial Justice to order plaintiff to proceed immediately with the trial of her action when it appeared that her medical expert, a plastic surgeon, would be delayed for two hours by reason of a previously scheduled operation. The required hiatus would have embraced the normal luncheon period and the actual loss of court time would have amounted to no more than a single hour, whereas the direction to proceed required plaintiff to rest her case without calling her sole medical witness. The doctor's testimony being probative on the question of damages, it follows that the interests of justice require a new trial on this limited issue (see *Simon v Goldberg,* 39 AD2d 758; *Raphael v Booth Mem. Hosp.,* 46 AD2d 894; *Brodish v Diesel Constr. Co.,* 32 AD2d 785). As the First Department had occasion to note in *Murphy v City of New York* (273 App Div 492, 494): "The refusal of a timely application to adjourn a trial for a reasonable time to await the arrival of an important witness or to procure necessary testimony has been held by this court a sufficient basis for reversal of a judgment and ordering a new trial. * * * Expedition in the trial of a case is to be encouraged but justice should not be sacrificed in the interests of speed." As a new trial on

damages will be required herein, we take this opportunity to note "that the extent of damages sustained by an injured plaintiff is one of the principal issues in a personal injury case * * * plaintiff's counsel is entitled to place before the jury his client's contentions in this regard as set forth in the complaint and is therefore entitled to state the amount of damages demanded" (see *Williams v Long Is. R. R.,* 41 AD2d 940, 942; *Tisdale v President of Delaware & Hudson Canal Co.,* 116 NY 416). However, it should also be noted that "When such amount is disclosed to the jury * * * the court should charge that the jury must determine the amount of its verdict solely from the evidence, that the allegations of plaintiff's complaint are not evidence and should not be considered as such by the jury in fixing the amount of its verdict" (see *Rice v Ninacs,* 34 AD2d 388, 392; accord *Williams v Long Is. R. R., supra).* Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.