■ NORMA GOLD et al., Respondents, v HUNTINGTON TOWN HOUSE, Appellant. NORMA GOLD et al., Respondents, v ARTHUR BERNHANG, Appellant.—In a consolidated action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County, dated November 7, 1977, which granted plaintiffs' motion to increase the *ad damnum* clause of the complaints against each defendant. Order reversed, without costs or disbursements, and motion denied, without prejudice to a renewal thereof upon a proper showing by plaintiffs as to the merits of the case, the reason explaining or excusing the delay in making the motion and facts showing that the increase is warranted. The record does not adequately explain plaintiffs' inordinate delay and failure to move at Special Term from 1968 to 1977. It was therefore an improper exercise of discretion to allow plaintiffs to amend the *ad damnum* clauses upon the papers submitted in support of the motion (see *Battaglia v Elliott Dev. Corp.,* 34 AD2d 980; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.22). Furthermore, we disapprove of Special Term's reliance upon judicial notice of the inflationary spiral occurring from 1968, the year the complaint was served

on the Huntington Town House, until the present, as the sole basis for an increase in the *ad damnum* clauses. Finally, contrary to the intimations of Special Term, the plaintiffs need not allege recently discovered, new or aggravated injuries as requisite to a successful motion of this kind (see *Koupash v Grand Union Co.,* 34 AD2d 695; see, also, *Church v Catholic Med. Center of Brooklyn & Queens,* 52 AD2d 898, 899). Titone, J. P., Shapiro and Cohalan, JJ., concur; Suozzi, J., dissents and votes to affirm the order, with the following memorandum: In my view, plaintiffs' motion to increase the *ad damnum* clause against each defendant should have been granted. The facts are not in material dispute. The complaint against the Huntington Town House was served on or about January 3, 1968 and the complaint against Dr. Bernhang was served on or about October 27, 1969. The two causes of action arise out of an injury sustained by Norma Gold while at the Huntington Town House on April 3, 1965. The plaintiff was treated for said injury by Dr. Bernhang through 1969. In the complaint against the Huntington Town House, plaintiff Norma Gold requested damages in the amount of $150,000 and her husband, Morris Gold, requested damages in the amount of $25,000. In the complaint against Dr. Bernhang, Norma Gold requested damages in the amount of $150,000 and Morris Gold requested damages in the amount of $75,000. In July, 1977 the plaintiffs moved to amend the *ad damnum* clauses by increasing the amount demanded from each defendant to $500,000 in behalf of Norma Gold and $100,000 in behalf of Morris Gold (for a total of $1,000,000 and $200,000, respectively). The Special Term held that although the plaintiffs had failed to establish a reasonable excuse for their long-delayed motion, the motion would be granted upon judicial notice of the inflationary spiral occurring since service of the complaints. In the action against the Huntington Town House, the damages sought in behalf of Norma Gold were increased from $150,000 to $300,000 and the damages sought in behalf of Morris Gold were increased from $25,000 to $50,000. In the action against Dr. Bernhang, the damages sought in behalf of Norma Gold were increased from $150,000 to $300,000 and the damages sought in behalf of Morris Gold were increased from $75,000 to $150,000. The majority takes the position that a motion of this nature should not be granted in the absence of an affidavit as to the merits of the case, a reason explaining the delay in making the motion and facts indicating that the increase is warranted. I disagree. The statutory basis for the insertion of the *ad damnum* clause is contained solely in CPLR 3017. That section provides: "(a) Generally. Except as otherwise provided in subdivision (c) of this section, every complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a demand for the relief to which the pleader deems himself entitled. Relief in the alternative or of several different types may be demanded. Except as provided in section 3215, the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just." Initially, it should be noted that the relief clause, "though it should of course be responsive to the cause of action pleaded in the complaint, does not figure in a test of the pleading's sufficiency. Whether or not a pleading is sufficient for purposes of a dismissal motion under CPLR 3211 (a) (7) based on failure to state a cause of action is measured by the body of the complaint and not by its wherefore clause" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3017:2, p 112). In addition, it is not a fatal defect for the plaintiff to fail in the first instance to demand a definite sum of money (see, e.g., *Geisler v Rutkowski,* 177 Misc 284, where the complaint requested " 'such sums of

money as the facts, evidence and circumstances will warrant and justify.' ") When plaintiff does state a specific amount of money in his *ad damnum* clause initially, or in response to a motion to compel the statement of specific sums claimed *(Geisler v Rutkowski, supra)*, the *ad damnum* clause has no other relevance or probative weight in the action except to confirm that plaintiff has in fact chosen the proper court, in a jurisdictional sense, to determine his action. Moreover, even though some courts allow plaintiffs' counsel in a personal injury action "to place before the jury his client's contentions * * * as set forth in the complaint and is therefore entitled to state the amount of damages demanded" *(Williams v Long Is. R. R.,* 41 AD2d 940, 942), those courts require, under the circumstances, that the jury be charged that the amount of its verdict be derived "solely from the evidence, that the allegations of plaintiff's complaint are not evidence and should not be considered as such by the jury in fixing the amount of its verdict" *(Rice v Ninacs,* 34 AD2d 388, 392; *Terone v Anderson,* 54 AD2d 562, 563). An illustration of the virtual insignificance of the *ad damnum* clause can be ascertained from the 1976 amendments to CPLR 3017 with regard to medical malpractice actions. (The instant action is partially one for medical malpractice.) CPLR 3017 (subd [c]) provides: *"Medical malpractice action. In an action for medical malpractice the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.* Provided, however, that a party against whom an action for medical malpractice is brought may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served. A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section" (emphasis supplied). Under these circumstances, there can be no legitimate objection to an upward amendment of the *ad damnum* clauses in the case at bar, where the original amount requested met the jurisdictional threshold, and where no prejudice to defendants has been demonstrated or even alleged (see *Streit v Parker,* 94 Misc 2d 295). Ultimately, plaintiffs' success, or lack thereof, will be determined by the evidence adduced during the course of the trial.