■ MICHAEL BIBBO, Appellant, v JOHN TAYLOR, Respondent. — In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Putnam County (Beisheim, J.), dated June 18, 1982, as, upon a jury verdict, awarded him only the principal sum of $32,000. Judgment reversed, insofar as appealed from, on the law, with costs and new trial granted limited to the issue of damages only. In our opinion, the Trial Judge committed reversible error when, upon instructing the jury on the issue of damages, he stated: "Now that figure of money placed in the wherefore clause of a complaint has no evidentiary value whatsoever. You might say *the*

*more optimistic or the more irresponsible, and I don't infer here that anybody was overly optimistic or was irresponsible, but the more optimistic or irresponsible an attorney might be in putting huge numbers in the wherefore clause,* why the higher the number will be, of course, but that has nothing to do with what the value of the damages are" (emphasis added). By virtue of the foregoing remarks, the Trial Judge, in effect, denigrated the attempts by plaintiff's attorney to place before the jury his client's contentions as to the appropriate amount of damages (see *Tate v Colabello,* 58 NY2d 84, 87; *Rice v Ninacs,* 34 AD2d 388, 392). In view of our decision we do not pass upon plaintiff's contention that the verdict was inadequate. We have considered the other point advanced by the plaintiff and have found it to be without merit. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.