■ AMNA M. AHMED, an Infant, by MASOOD AHMED, Her Father and Natural Guardian, et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE CITY OF YONKERS et al., Appellants-Respondents. — In a negligence action to recover damages for personal injuries, etc., the parties cross-appeal from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered October 4, 1982, which, after a jury trial, was in favor of the infant plaintiff in the principal amount of $400,000. Judgment reversed, on the law, and new bifurcated trial granted, with costs to abide the event, in accordance herewith. The instant action was commenced to recover damages for personal injuries suffered by the infant plaintiff when she was struck by a school bus on June 18, 1976. At the trial, the issues of negligence and contributory negligence were seriously contested. It was plaintiffs' theory that the infant was standing still in a crosswalk of an intersection when hit by the bus. The defendant bus driver testified that he did not see anyone in the crosswalk as he approached the intersection and merely heard something hit the left side of the bus. He then discovered the infant plaintiff lying in the road near the left rear wheel of his bus. During the trial on liability conducted in September, 1982, a disinterested witness, testifying for plaintiffs, stated that the infant plaintiff was standing still at the time of the accident. On cross-examination, the witness was shown a two-page written statement dated October 29, 1979 and admitted that it had been read to him by a representative of the defendants prior to trial and bore his signature. The witness added that he only understood some parts of the statement and could not read English very well. Defendants' counsel then made an offer of proof in the absence of the jury. Counsel read from the prior statement of the witness wherein he stated, in contradiction to his trial testimony, that the infant "ran out from the northeast corner. Never stopped. Ran between two stopped cars in a northbound lane running into a van school bus travelling south up the hill on Walnut. The girl ran straight off the curb, straight across the street, east to west, and ran into the left side fender of the van." The witness retorted that some of the assertions in the statement were not true. The court rejected defendants' offer of proof, and refused to admit the witness' prior statement in evidence on the ground that it was "redundant" and the product of "a typical job by an investigator with conclusions which he put into the mouth of a man who does not read English and who does not understand English very well". Defendants' counsel then offered into evidence those portions of the statement which did not contain the conclusions found objectionable by the court. The court denied this offer as well, on the ground that the statement was "permeated with matters * * * prejudicial to the plaintiff in this case". In our view, the trial court committed reversible error in this evidentiary ruling. It has long been held that "[a]ny statement of a witness made out of court, orally or in writing, if contradictory of a material part of his testimony, may be, if properly proven, introduced into evidence, not as substantive proof of the truth of such statement, but as tending to discredit him" (*Larkin v Nassau Elec. R. R. Co.*, 205 NY 267, 268-269). Further, "[t]he subscription of the witness is some evidence that he made the statements or authorized them to be made for him, and testimony by him that he did not read

the statements or hear them read or make them is to be given such force and effect, in connection with the subscription and other relevant evidence, as the jury see fit to accord it" (*Larkin v Nassau Elec. R.R. Co., supra,* p 270). Under the circumstances, a proper foundation was laid for the admission into evidence of the witness' prior written statement for the purpose of impeaching his credibility. Moreover, any objectionable material in the witness' prior written statement could have been readily excluded with the balance of the statement allowed in *Blackwood v Chemical Corn Exch. Bank* (4 AD2d 656). Accordingly, the trial court erred, and prejudiced defendants' case, when it refused to admit the witness' prior written statement into evidence for the limited purpose of impeaching his credibility (*Kesten v Forbes,* 273 App Div 646). If the plaintiffs prevail at the liability phase of the new trial granted herein, the parties shall then proceed to the second phase of the trial, i.e., a trial for assessment of damages. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.