■ BARBARA TROTTA et al., Appellants, v JOHN E. KOCH, Respondent.

The determinative issue on this appeal is whether the trial court's instruction to the jury concerning plaintiffs' failure to call plaintiff Donald Trotta to the stand to testify about a conversation he had with defendant dentist was prejudicial error requiring a reversal of the judgment for defendant. At trial, the defendant himself, having been called to the stand by plaintiffs, testified about the conversation. The facts established at trial indicate that after plaintiff Barbara Trotta learned that she had periodontal disease and needed surgery, plaintiff Donald Trotta went to talk to defendant dentist. The dentist testified that Mr. Trotta told him that Mrs. Trotta would need periodontal surgery and that he was concerned about the cost of such surgery. Defendant testified that during this conversation, he offered to pay for Mrs. Trotta's periodontal surgery which was to be performed by Dr. Di Giacinto, and that, in addition, he agreed to do his own work, which entailed the preparation of a 10-tooth bridge, for free. Although defendant had performed some free services in his 12 years of practice, he had never paid another specialist for work on his client. Ultimately, defendant made the payments for Dr. Di Giacinto's services to Mr. Trotta; Dr. Di Giacinto was never told that defendant paid his bill. Defendant testified that he agreed to pay Dr. Di Giacinto's bill because he did not think the surgery "was going to be [too] involved", and because he felt sorry for Mrs. Trotta and knew the plaintiffs did not have much money. Defendant denied that he paid the bill because he felt responsible for Mrs. Trotta's condition, and he testified that he never told Mr. Trotta that her condition was his fault.

After both sides had rested, defense counsel requested a charge to the jury concerning plaintiffs' failure to call plaintiff Donald Trotta to the stand to testify about the conversation he had with defendant. Plaintiffs' attorney objected to any such charge, noting that Mr. Trotta's testimony as to the conversation would be the same as defendant's. Despite plaintiffs' attorney's objection, the trial court gave the jury the following charge, to which plaintiffs' attorney took exception: "You will recall that there was testimony on cross-examination of, rather on examination by plaintiff's attorney of the defendant doctor about an alleged conversation between the dentist and the plaintiff's husband and also pertaining to a telephone conversation shortly thereafter allegedly between the doctor and the plaintiff. The plaintiff's contention in respect to this, as the Court understands it, and again remember I said as the Court

understands it, if you understand it differently, take your own interpretation, but the plaintiff says that the two conversations were substantially the same so there was no reasonable use in putting the husband of the wife plaintiff on the witness stand. Defendant, on the other hand, says that there was a difference in the conversations by what defendant termed, as I recall, an inference of admission of liability and that the plaintiff should have put, the plaintiff wife should have called and the plaintiff husband should have gone on the witness stand. Now, it is up to you to decide which one of those arguments is the correct one. As the Court said, that is certainly a question of fact for you to determine. The law says there is no duty on any party to call any particular person as a witness nor may a failure to call a witness be the basis for a finding of fact on a point upon which no evidence has been received. However, if you find that a witness was in a position to give relevant evidence on the side of plaintiff and that plaintiff has offered no reasonable explanation for failing to call such a witness, you may infer, if you deem it proper to do so, that the testimony of the uncalled person, to wit, the husband, would not contradict the opposing evidence or would not support plaintiff's version of the case. You may also draw the strongest inferences against the plaintiff that the opposing evidence permits. Now, that charge is applicable if you accept defendant's, the argument made by defendant's counsel in summation. It is inapplicable if you accept the argument of plaintiff's counsel in the summation".

It is well established that the failure of a party to call a witness under his control who is shown to be in a position to give material evidence may result in an inference that the testimony of such a witness would be unfavorable to such a party, and the trial court may so instruct the jury (*see, Group v Szenher,* 260 App Div 308, *affd* 284 NY 741; *People v Moore,* 17 AD2d 57). Here, the trial court's instructions to the jury concerning plaintiffs' failure to call Mr. Trotta to testify about his conversation with the defendant were error inasmuch as plaintiffs' attorney conceded the accuracy of defendant's testimony as to the conversation, both at the precharge conference and during summation. There was, therefore, no reason to give a missing witness charge. If the trial court did elect to comment on the conversation between defendant and Mr. Trotta, it should have limited its comments to the fact that plaintiffs did not dispute defendant's version of the conversation. We also note that the missing witness charge itself was very confusing. We believe that the court's erroneous instruction may have affected the jury's verdict, and accordingly, reversal is necessary. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.