■ GERALD GETLIN, Appellant, v ST. VINCENT'S HOSPITAL & MEDICAL CENTER OF NEW YORK, Respondent.—In a medical malpractice action, the plaintiff appeals, upon the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Bellard, J.), entered February 22, 1984, which, upon a jury verdict, is in his favor in the principal sum of $65,000.

Judgment affirmed, without costs or disbursements.

The plaintiff was admitted to the defendant hospital following a hit-and-run automobile accident, and was treated for various injuries over a six-month period. The allegations of malpractice against the defendant involve its failure to diagnose and properly treat a fracture and related ligament injuries of the plaintiff's left knee, including the failure to timely treat an infection which developed in the knee. The jury determined that the defendant was guilty of malpractice only insofar as it failed to timely diagnose the infection which developed in the knee and awarded plaintiff $65,000. The testimony adduced at trial established that the defendant's malpractice in all likelihood caused the plaintiff to undergo several painful debridement and skin grafting procedures and may necessitate further surgery.

The plaintiff contends that the trial court's erroneous rulings with respect to the jury charge and certain impeachment testimony substantially prejudiced his rights and affected the jury's ability to assess his injuries, thereby resulting in an inadequate award of $65,000.

At the precharge conference, the trial court granted the plaintiff's request to charge PJI 2:71, "Proximate Cause-Concurrent Causes", which instructs the jury that "[w]here two parties by their separate and independent acts of negligence furnish direct causes of a single injury to another person, and it is not possible to determine in what proportion each contributed to the injury, either is responsible for the whole injury". However, the court's actual charge instructed the jury to ascertain which injuries, if any, were attributable to the defendant's malpractice as distinct from those arising from the automobile accident, and to so render an award (see, PJI 2:307). The plaintiff argues that the trial court's action was in direct contravention of CPLR 4110-b, which provides, in pertinent part, that "[t]he court * * * shall inform counsel of its proposed action upon the requests [to charge] prior to their arguments to the jury". We disagree. While the trial court did not adhere to its initial determination and to the

"approved and proper practice set forth in the statute * * *

"[t]he statute * * * does not require that the court in every case charge the jury in strict conformity with its rulings on requests",

but rather allows the courts some flexibility as to their rulings (*Spadaccini v Dolan*, 63 AD2d 110, 122; *see*, CPLR 4110-b). The evidence adduced at trial did not warrant instructing the jury in accordance with the plaintiff's request (*see*, *Spadaccini v Dolan*, *supra*, p 119; *Van Campen v Cram*, 30 AD2d 541). Moreover, the record indicates that the plaintiff was not prejudiced by the departure from the agreed-upon instructions as he was not prevented from arguing the case effectively and intelligently (*see*, Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, 1984-1985 Supp Pamph, CPLR 4110-b, pp 108-110), nor did he request that his summation be reopened (*see*, *Spadaccini v Dolan*, *supra*, pp 122-123).

The plaintiff contends that the trial court erroneously refused his request for a "missing witness" charge (PJI 1:75), with respect to the physician who examined him on the defendant's behalf. It is well established that the failure of a party to call a witness under his control who is shown to be in a position to give material evidence may result in an inference that the testimony of such a witness would be unfavorable to such a party (*Trotta v Koch*, 110 AD2d 631). While the inference may ordinarily arise where a doctor who examined the plaintiff on the defendant's behalf does not testify (*Rice v Ninacs*, 34 AD2d 388; *Laffin v Ryan*, 4 AD2d 21), where the testimony would be merely cumulative and would not consti-

tute substantial evidence, the inference may not be drawn *(Oswald v Heaney,* 70 AD2d 653, 654; *La Lima v Fath,* 36 AD2d 923). At bar, there is nothing to indicate that the doctor's testimony would not have been merely cumulative of the testimony of the plaintiff's treating physician and of the two experts. Therefore, the trial court properly refused to charge as requested.

The trial court erroneously overruled the plaintiff's objection to the reception of testimony in evidence concerning this denial of having filed a claim with the Motor Vehicle Accident Indemnification Corporation for the sole purpose of impeaching his credibility, since "[t]he general rule is that a cross-examiner cannot *contradict* a witness' answers concerning collateral matters by producing extrinsic evidence for the *sole purpose* of impeaching credibility" *(People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *see, Halloran v Virginia Chems.,* 41 NY2d 386), and this is not a statement made by the plaintiff out of court which contradicts a material part of his testimony *(see, Ahmed v Board of Educ.,* 98 AD2d 736). However, this error did not adversely affect a substantial right of the plaintiff *(see,* CPLR 2002), and therefore, plaintiff's request for a new trial on that ground must be denied.

Finally, as the verdict was not plainly "inadequate" so as to shock the conscience of this court *(see, Pitts v Columbus McKinnon Corp.,* 75 AD2d 1002; *Petosa v City of New York,* 63 AD2d 1016), it will remain undisturbed. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.