■ KAREN RESTEY, Appellant, v VICTORY MARKETS, INC., Respondent and Third-Party Plaintiff-Respondent. NABISCO, INC., Third-Party Defendant-Respondent. (Appeal No. 1.)— Judgment unanimously reversed on the law without costs, motion denied, and verdict reinstated. Memorandum: Plaintiff, a sales representative employed by third-party defendant Nabisco, Inc. (Nabisco), was injured when she slipped in a puddle of water while stepping down from the ledge of a freezer in the dairy aisle of a supermarket owned by defendant Victory Markets, Inc. (Victory). The jury returned a verdict in favor of plaintiff in the main action and in favor of Victory against Nabisco in the third-party action, apportioning liability for negligence in each instance.

Special Term erred in granting Victory's motion for a judgment notwithstanding the verdict. Viewing the trial evidence in the light most favorable to the plaintiff and according plaintiff the benefit of every favorable inference *(see, Sagorsky v Malyon,* 307 NY 584, 586), the verdict was not wholly irrational *(see, Cohen v Hallmark Cards,* 45 NY2d 493,

499). The evidence established that plaintiff was atop the freezer for 10 to 15 minutes, that the water was not present when she first climbed on top of the freezer, that it was snowing on the day of the accident and that several customers passed through the aisle during the time plaintiff was arranging the display. There was also proof that the dairy manager made regular rounds of the dairy aisle between 10 and 20 times every hour and that he was never away from the dairy aisle more than 10 minutes at a time, that the water plaintiff slipped in was cold and dirty and that there were noticeable footprints in the area where plaintiff fell. Thus, the record contains some evidence tending to show that defendant Victory had constructive notice of a dangerous condition that allegedly caused plaintiff's injuries, as well as an adequate time to remedy the condition *(see, Negri v Stop & Shop,* 65 NY2d 625, 626; *Cameron v Bohack Co.,* 27 AD2d 362, 366; *cf., Stevens v Loblaws Mkt.,* 27 AD2d 975).

Moreover, plaintiff alleged two theories of negligence against Victory. One was the failure to maintain its premises in a safe condition and the other was the failure to provide a ladder for safe access to the area above the dairy case. Since the verdict sheet did not require the jury to specify which theory of negligence it adopted, the jury could have found for plaintiff on either, or both, grounds.

Special Term denied, as moot, Nabisco's motion for judgment notwithstanding the verdict based on its earlier ruling granting Victory's similar motion. We agree that Nabisco's motion should have been denied, but for a different reason. Plaintiff claimed that one of the causes of her injuries was the failure of Victory to provide a ladder for her to climb atop the freezer ledge. Victory alleged in its third-party complaint against Nabisco that the responsibility for providing plaintiff with a ladder resided with Nabisco, plaintiff's employer. Since on this record we cannot say that the jury verdict apportioning negligence to Nabisco was wholly irrational, Nabisco's motion was properly denied.

Plaintiff's final claim is that the trial court erroneously instructed the jury to disregard the estimate of damages for pain and suffering suggested to the jury in the summation of plaintiff's counsel. Although the court improperly charged the jury not to use the estimate even as a guideline *(cf., Tate v Colabello,* 58 NY2d 84, 88), the court also correctly and repeatedly charged that the jury was not bound by the estimate *(see, Williams v Long Is. R. R.,* 41 AD2d 940, 942; *Rice v Ninacs,* 34 AD2d 388, 391-392; *see also,* Annotation, 14 ALR3d

541, 548). The limited error in the court's charge was harmless and the jury verdict on damages was not inadequate and is supported by the record. Accordingly, the judgment granting Victory judgment notwithstanding the verdict is reversed and the verdict reinstated and that portion of the order denying Nabisco's cross motion is affirmed. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—negligence.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.