■ LILLIAN LEVANDE et al., Respondents, v DAVID M. DINES, Appellant.—In an action to recover damages for medical malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered February 1, 1988, which, upon a jury verdict, is in favor of the plaintiff Lillian Levande in the principal sum of $500,000 and in favor of the plaintiff Jerome Levande in the principal sum of $75,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On May 2, 1981, the plaintiff Lillian Levande fell and sustained a fractured hip. She was thereafter brought to North Shore University Hospital where the defendant, David Dines, M.D., was the orthopedic surgeon on duty. The next day, the defendant performed surgery on the plaintiff, and repaired the broken hip. Sometime between the time of the fall and June 30, 1981, the plaintiff developed a condition known as "deep vein thrombosis", a blood clot which forms in the deep veins of the legs. When Dr. Dines became suspicious that the plaintiff was suffering from this condition, he referred her to Dr. Carmine Moccio, a vascular surgeon. Dr. Moccio thereafter readmitted the plaintiff to the hospital, and treated the problem. The plaintiff commenced this action against Dr. Dines, alleging, *inter alia,* that he departed from accepted

medical standards in failing to diagnose earlier the existence of the deep vein thrombosis. At trial, Dr. Moccio was called as a witness to testify on behalf of the defendant. The trial court, however, precluded his testimony based on *Anker v Brodnitz* (98 Misc 2d 148, *affd* 73 AD2d 589) which precludes a defendant from conducting an unauthorized, private interview with the plaintiff's treating physician during the pretrial discovery phase of a medical malpractice action *(see, Stoller v Moo Young Jun,* 118 AD2d 637). The rationale for this rule is the sanctity of the physician-patient privilege during discovery *(Zimmerman v Jamaica Hosp.,* 143 AD2d 86). We find that the trial court's reliance on the *Anker* case was misplaced. The record contains no indication that the defendant conducted such prohibited interviews. The defendant first contacted Dr. Moccio after the note of issue had been filed, when the discovery phase of the action clearly had been completed *(see, Zimmerman v Jamaica Hosp., supra).* In light of the fact that Dr. Moccio, unlike any of the other doctors who had testified, could have given a medical opinion based on his personal observations of the plaintiff's condition as it existed on July 1, 1981, the preclusion of such testimony was prejudicial, and accordingly, we reverse.

Furthermore, we note that the trial court erroneously granted the plaintiffs' request for a "missing witness" charge (PJI 1:75) with respect to Dr. Jorgensen, the physician who examined the plaintiff Lillian Levande on the defendant's behalf. It is well established that the failure of a party to call a witness under his or her control, who is shown to be in a position to give material evidence, may result in an inference that the testimony of such witness would be unfavorable to such party *(Trotta v Koch,* 110 AD2d 631). While this inference may ordinarily arise when a doctor who examined the plaintiff on the defendant's behalf does not testify *(see, Rice v Ninacs,* 34 AD2d 388), where the testimony would be merely cumulative or would address matters which are not in dispute, the inference may not be drawn *(see, Getlin v St. Vincent's Hosp. & Med. Center,* 117 AD2d 707). At bar, there is nothing to indicate that Dr. Jorgensen's testimony would not have been merely cumulative of the testimony of the other experts who had previously testified, and as such the "missing witness" charge was unwarranted *(see, Weinstein v Daman,* 132 AD2d 547).

We have considered the defendant's remaining contentions, including that the verdict was against the weight of the

evidence, and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.