■ GILBERT ARROYO, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, Bronx County (Jack Turret, J.), entered November 28, 1989, which, upon a jury verdict in favor of plaintiff in the amount of $25,000, apportioning liability 60% to plaintiff and 40% to defendant, increased the award of damages to $100,000 upon defendant's stipulation, unanimously reversed, on the law, the facts and in the exercise of discretion, and a new trial is ordered, without costs.

The cumulative effect of several errors committed at the trial of this matter deprived plaintiff of a fair trial (Cotter v Mercedes-Benz Manhattan, 108 AD2d 173). Accordingly, a new trial is ordered.

Plaintiff instituted this action to recover damages for personal injuries sustained on April 10, 1985, when he fell in a hole in ground owned by defendant near 150th Street and St. Anns Avenue. Plaintiff claimed that he was injured as a result

of defendant's negligence since there was no notice or warning of the dangerous and defective condition. Specifically, plaintiff maintained that he fell because of an improperly lit sidewalk area, a broken and deteriorated wall, a missing fence, an obstructed sidewalk and an improperly safeguarded area. A log look maintained by defendant relating to the site of the accident contained the following notation dated the day before the accident: "check barricades needed over railroad overpass." Photographs depicting the accident site were also admitted into evidence.

At trial, plaintiff testified that although he had been addicted to heroin, he had been in a methadone clinic since 1971. On the day of the accident, he received the medication at 7:00 A.M. and then returned home. He met some friends after dinner and stated that he may have stopped at a bar where at most, he had one drink. After walking with his friends for another hour, he began walking home at 11:30 P.M. when he fell in the hole on defendant's property and injured his knee. He lost consciousness and when he awoke, he saw rats all around him. Plaintiff was eventually taken to Lincoln Hospital where he underwent surgery for the injury to his knee and treatment for a rat bite.

The court, over counsel for plaintiff's objection, permitted hospital records dating from four years prior to the accident to two years after the accident into evidence. These records detailed plaintiff's use of legal and illegal drugs, history of epileptic seizures and psychiatric treatment. Defense counsel was also permitted to read extensive portions of these records to the jury.

Following summations and charge, the jury found defendant 40% negligent and plaintiff 60% responsible for the accident and awarded damages in the amount of $25,000. The court thereafter granted plaintiff's motion to set aside the verdict unless defendant stipulated to an increase of the award of damages to $100,000. Defendant so stipulated and judgment was entered accordingly.

Initially, it was error for the trial court to have submitted an intoxication charge to the jury. "Although contributory negligence is 'almost always' a question of fact for the jury, the court may decide the issue, as a matter of law, if no 'valid line of reasoning' or 'permissible inferences' can be drawn from the evidence at trial which could rationally lead to the conclusion of negligence *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 516, 517 [1980])" *(Baginski v New York Tel. Co.,*

130 AD2d 362, 365). At most, the record establishes that plaintiff consumed one alcoholic beverage a few hours before the accident, which is not proof of intoxication *(supra; Coleman v New York City Tr. Auth.,* 37 NY2d 137). While the court properly admitted into evidence the record of plaintiff's admission to Lincoln Hospital following the accident, and did not err in informing the jury, without objection from plaintiff's counsel, that the notation "A.O.B." meant "alcohol on breath", such notation was insufficient to support the submission of the intoxication instruction. There is nothing to indicate that a blood alcohol test was administered by the hospital nor did any witness testify to observing plaintiff drinking or being in an intoxicated condition *(see, Grcic v City of New York,* 139 AD2d 621, *lv denied* 73 NY2d 702).

After defense counsel conducted an exhaustive cross-examination of plaintiff's medical and psychiatric history, including his use of prescribed and illegal drugs, the court permitted counsel to read the extensive, detailed hospital records pre- and post-dating the accident to the jury, without providing limiting instructions. Counsel's questioning repeatedly alluded to plaintiff's abuse of alcohol despite his denial of such abuse and despite the lack of substantiation in the hospital records. Nor was counsel's implication that plaintiff fell in the hole during an epileptic seizure borne out by the record. Permitting counsel to read the lengthy notation relating to psychiatric treatment plaintiff received two years after the accident was prejudicial and simply irrelevant to plaintiff's mental state at the time of the incident.

In sum, the introduction of portions of the hospital records showing prior drug abuse, seizures and subsequent psychiatric treatment was highly prejudicial and calculated to establish in the minds of the jurors that plaintiff was either intoxicated by drugs or alcohol, or that he had suffered a seizure at the time of the accident, despite a lack of evidence to support such claims. *(Del Toro v Carroll,* 33 AD2d 160, 163-164; *and see, Grcic v City of New York, supra.)* Defense counsel's questioning, the admission of the hospital records and the intoxication charge all served to deprive plaintiff of a fair trial and clearly had a prejudicial effect on the jury whose apportionment of liability we find to be against the weight of the evidence *(Yalkut v City of New York,* 162 AD2d 185). As the trial court noted in its judgment increasing the award of damages, the jury was adversely affected by plaintiff's "less than exemplary habits and lifestyle" particularly since defendant did not

dispute the defective condition of the area where plaintiff was injured.

The trial court also erred in denying plaintiff's request for a missing witness charge with respect to Dr. Howard Finelli, a physician engaged by defendant to examine plaintiff during pretrial discovery. When a doctor who examined plaintiff on defendant's behalf does not testify at trial, an inference generally arises that the testimony of such witness would be unfavorable to defendant unless he demonstrates that the testimony would be merely cumulative, the witness was unavailable or not under his control, or that the witness would address matters not in dispute (*Levande v Dines,* 153 AD2d 671; *Grey v United Leasing,* 91 AD2d 932). Here, the trial court decided, *sua sponte,* that the physician's testimony would be cumulative. However, neither defendant nor the court demonstrated a basis for this finding. We note that plaintiff's examining physician was the only medical expert to testify at trial and that the issue of damages was in dispute. It was, therefore, error not to charge as requested (*cf., Getlin v St. Vincent's Hosp. & Med. Center,* 117 AD2d 707).

Finally, despite the trial court's judgment increasing the award of damages, we find that the ultimate amount awarded was still inadequate to compensate plaintiff for his injuries (*see, Menga v Raquet,* 150 AD2d 434; *Reger v Long Is. R. R. Co.,* 145 AD2d 618).

We have considered the parties' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.