■ MAUREEN BURKE, Appellant, v STEVEN M. SANTORO, Respondent.—In an action seeking damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), dated July 27, 1989 which, upon a jury verdict, is in favor of the defendant and against her.

Ordered that the judgment is affirmed, with costs.

As the plaintiff failed to object to the trial court's charge, her contention that the trial court improperly applied the New York City Traffic Regulations instead of the Vehicle and Traffic Law to an accident which involved a pedestrian hit by a car in Manhattan is unpreserved for appellate review *(Niedelman v Jacoby,* 127 AD2d 640; *Emmons v Country Lincoln Mercury Sales,* 111 AD2d 213). In any event, that contention is without merit.

The Vehicle and Traffic Law § 1640 confers authority upon cities to enact regulations for the governance of pedestrian and vehicular traffic. The statute clearly states that provisions of those local regulations shall supersede the provisions of the Vehicle and Traffic Law where inconsistent or in conflict with respect to matters involving the right-of-way of vehicles and pedestrians and the regulation of traffic *(see,* Vehicle and Traffic Law § 1642). The New York City Traffic Regulations applied by the trial court therefore superseded the Vehicle and Traffic Law in this instance.

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.