■ ANTHONY J. GIOELI, Appellant, v ROBERT CLOUSER et al., Respondents.—Order unanimously reversed on the law with costs, motion denied and verdict reinstated. Memorandum: Plaintiff was injured when the tractor he was operating was struck by a vehicle operated by defendant Clouser. Plaintiff commenced an action against Clouser, and in addition, against Calvin and Emma Hall, who owned a farm where Clouser was employed. Following a trial, the jury returned a special verdict finding that Clouser was acting in the course of his employment at the time of the accident. The trial court then granted the posttrial motion of defendants Calvin and Emma Hall to set aside that portion of the verdict upon the ground that plaintiff failed to present a prima facie case on that issue. We reverse.

Viewing the evidence in the light most favorable to plaintiff and according plaintiff the benefit of every favorable inference *(Restey v Victory Mkts.,* 127 AD2d 987, *lv denied* 69 NY2d 613), we conclude that there was a valid line of reasoning to support the jury's finding, and thus, that Supreme Court erred in setting aside the verdict for evidentiary insufficiency *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Although Clouser and Calvin W. Hall denied that the accident occurred in the course of Clouser's employment, the jury rejected that portion of their testimony and instead credited other evidence to the effect that Hall directed Clouser to go to another farm property and assist a fellow employee in removing a truckload of wood. The jury apparently also rejected testimony that Clouser ended work that day at 4:30 P.M., which was some two hours before the accident, and instead concluded that he was on his way back to the farm at the time of the accident because his time card revealed that Clouser worked until 6:30 P.M. The jury's finding was not wholly irrational and should

not have been set aside. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Set Aside Verdict.) Present —Doerr, J. P., Boomer, Green, Pine and Balio, JJ.