■ MICHAEL A. BRUECKNER, Appellant, v JEFFREY J. SIMPSON, Respondent. [614 NYS2d 553] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Barone, J.), dated August 4, 1992, which, upon a jury verdict determining that the plaintiff had not suffered a serious injury, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that the trial court erred in denying his request for a missing witness charge with respect to a physician who examined the plaintiff on the defendant's behalf. When a doctor who examines the plaintiff on the defendant's behalf does not testify at trial, an inference generally arises that the testimony of such witness would be unfavorable to the defendant unless he demonstrates that the testimony would be merely cumulative, the witness was unavailable or not under his control, or that the witness would address matters not in dispute (see, Arroyo v City of New York, 171 AD2d 541; Levande v Dines, 153 AD2d 671; Getlin v St. Vincent's Hosp. & Med. Ctr., 117 AD2d 707). "Control" is used in a very broad sense and includes a witness under the party's influence or one whom it may naturally be inferred is of good will to the party (see, Kupfer v Dalton, 169 AD2d 819; Wilson v Bodian, 130 AD2d 221, 234; Chandler v Flynn, 111 AD2d 300). Here, the defendant established that the doctor had a business relationship with the plaintiff's law firm. Under these circumstances, good will should not be inferred between the doctor and the defendant. Accordingly, the trial court properly denied the plaintiff's request for a missing witness charge.

The plaintiff's remaining contentions regarding alleged errors in the court's charge and the form of the verdict sheet are unpreserved for appellate review (see, Burke v Santoro, 172 AD2d 579; Goldberg v Union Hardware Co., 162 AD2d 658), and we decline to address them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.