In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered September 11, 2002, which, upon a jury verdict in favor of the defendant 218 E. Main St. Corp. and against them on the issue of liability, dismissed the complaint insofar as asserted against that defendant.
Ordered that the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the defendant 218 E. Main St. Corp., and a new trial is ordered, with costs to abide the event.
It is well settled that extrinsic evidence may not be used to impeach the credibility of a witness on collateral matters (see Badr v Hogan, 75 NY2d 629, 634 [1990]; Halloran v Virginia Chems., 41 NY2d 386, 390 [1977]; Ingebretsen v Manha, 218 AD2d 784 [1995]; Getlin v St. Vincent’s Hosp. & Med. Ctr. of N.Y., 117 AD2d 707 [1986]). Here, the trial court improperly permitted counsel for the defendant 218 E. Main St. Corp. to introduce a hospital record and the testimony of a physician’s assistant to contradict the injured plaintiff’s testimony on a matter that was irrelevant to the issues in the case. Moreover, the error was sufficiently prejudicial to warrant a new trial (see Badr v Hogan, supra at 636-637). Santucci, J.P, Luciano, Schmidt and Adams, JJ., concur.