■ STEPHEN J. BROOKS et al., Plaintiffs, v JUDLAU CONTRACTING, INC., Defendant and Third-Party Plaintiff-Respondent. THUNDERBIRD CONSTRUCTORS, INC., Third-Party Defendant-Appellant. [831 NYS2d 734]—In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 2, 2001, which denied that branch of its motion which was for summary judgment dismissing the third-party claim for contractual indemnification.

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, inter alia, on the ground of inadequacy,

from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), dated December 10, 2004, as, upon an order of the same court (Schmidt, J.) dated April 26, 2001, granting their motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), upon, in effect, the dismissal of the claim of the plaintiff Helen Brooks at the close of the evidence, and upon a jury verdict on the issue of damages awarding the plaintiff Stephen J. Brooks the sum of only $1,150,000, is in favor of the plaintiff Stephen J. Brooks and against the defendant third-party plaintiff and, in effect, is in favor of the defendant third-party plaintiff and against the plaintiff Helen Brooks dismissing her claim, and (2) the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as failed to offset the damages award with collateral sources and, in effect, is in favor of the third-party defendant and against it dismissing the third-party claim for contractual indemnification.

Ordered that the cross appeal from so much of the judgment as failed to offset the damages award with collateral sources is dismissed as academic; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions in favor of the plaintiff Stephen J. Brooks and against the defendant third-party plaintiff, awarding damages, and, in effect, in favor of the defendant third-party plaintiff and against the plaintiff Helen Brooks, dismissing her claim; as so modified, the judgment is affirmed insofar as reviewed, with one bill of costs payable by the defendant third-party plaintiff to the plaintiffs and the third-party defendant appearing separately and filing separate briefs, the claim of the plaintiff Helen Brooks is reinstated, and a new trial is granted on the issue of damages only.

The injured plaintiff was employed as an ironworker by the third-party defendant, Thunderbird Constructors, Inc. (hereinafter Thunderbird), a subcontractor for the general contractor, the defendant third-party plaintiff, Judlau Contracting, Inc. (hereinafter Judlau), on a construction project to rebuild the Northern Boulevard overpass over the Cross Island Parkway. On August 20, 1999 the injured plaintiff fell from the overpass while installing a steel girder.

The injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries against Judlau. Judlau impleaded Thunderbird seeking, inter alia, contractual indemnification. The plaintiffs were awarded summary judgment against Judlau on the issue of liability pursuant to Labor Law § 240 (1). The case proceeded to trial for a

determination on the issue of damages and on the third-party claim for contractual indemnification.

The plaintiffs are entitled to a new trial on the issue of damages.

First, the plaintiffs were entitled to a missing witness charge with respect to a physician who examined the injured plaintiff on Judlau's behalf. When a doctor who examines an injured plaintiff on the defendant's behalf does not testify at trial, an inference generally arises that the testimony of such witness would be unfavorable to the defendant. The defendant may defeat this inference by demonstrating that the testimony would be merely cumulative, the witness was unavailable or not under the defendant's control, or the witness would address matters not in dispute (*see Arroyo v City of New York,* 171 AD2d 541, 544 [1991]; *Levande v Dines,* 153 AD2d 671, 672 [1989]). Here, Judlau failed to defeat the inference. Indeed, the witness was outside the courtroom when Judlau decided not to call him. Accordingly, the trial court erred in denying the plaintiffs' request for a missing witness charge with respect to the doctor.

Second, Judlau's counsel created an atmosphere that deprived the plaintiffs of a fair trial, not by an isolated remark during summation, but by continual and deliberate efforts to divert attention from the issues (*see Vassura v Taylor,* 117 AD2d 798, 799 [1986]; *Mercurio v Dunlop, Ltd.,* 77 AD2d 647, 647 [1980]). For example, Judlau's counsel repeatedly denigrated the ethics and veracity of the plaintiffs' witnesses and their counsel (*see Clarke v New York City Tr. Auth.,* 174 AD2d 268, 276 [1992]; *Weinberger v City of New York,* 97 AD2d 819, 820 [1983]; *Taormina v Goodman,* 63 AD2d 1018, 1018 [1978]). The inflammatory and prejudicial comments made by Judlau's counsel so contaminated the proceedings as to deny the plaintiffs their right to a fair trial (*see Vassura v Taylor, supra; Bagailuk v Weiss,* 110 AD2d 284, 287 [1985]).

Third, the trial court erred, in effect, in dismissing the derivative claim of the injured plaintiff's wife for loss of services. The evidence at trial was sufficient for the court to submit that claim to the jury (*see Valentine v Lopez,* 283 AD2d 739, 744 [2001]).

As to the cross appeal, contrary to Judlau's contention, the trial court properly dismissed the third-party claim for contractual indemnification. General Obligations Law § 5-322.1 prohibits contractual indemnification when the promisee's negligent actions were responsible for the accident "in whole or in part." A provision that authorizes indemnification for the general contractor's own negligence is void as against public

policy and unenforceable (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 511 [2002]). Judlau itself was found to be negligent in the occurrence of the injured plaintiff's accident. Accordingly, the trial court correctly dismissed the third-party claim for contractual indemnification.

In light of the foregoing, we need not consider the parties' remaining contentions, including Judlau's contention that the trial court erred in failing to reduce the damages award by collateral source payments received. However, we note that, following a damage award, if any, upon retrial, there should be a hearing to resolve collateral source issues (*see* CPLR 4545 [c]). Crane, J.P., Ritter, Florio and Fisher, JJ., concur.