(March 8, 1966)

■ BEVERLY BREESE, Appellant, v. HERTZ CORPORATION et al., Respondents. — Judgment, dismissing plaintiff's complaint, directed at the close of the entire case, unanimously reversed, on the law, with $50 costs and disbursements to abide the event, and action remanded for new trial. It was improper for the trial court to direct a judgment for defendant on the ground, as stated by him, that he "would be compelled to set aside the jury's verdict to the contrary on the basis of the evidence which is before me". "The standard is not whether a verdict on [his] behalf would be set aside as contrary to the weight of the credible evidence, but whether the jury could find for [him] by any rational process (see *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4401.14–4401.17)." (*Prince* v. *City of New York*, 21 A D 2d 668.) There was evidence supporting a prima facie case of negligence on the part of the defendant truck driver since he continued in the operation of his vehicle, notwithstanding that by reason of a shimmying of a wheel, he was chargeable with notice of a possible danger or defect in the mechanism of the wheel. It appears that the disengaging of the right front wheel in the course of the operation of defendants' truck occurred as a result of the shearing of a cotter pin which was designed to hold a castellated nut, which in turn held a lock washer securing the wheel in proper position on the

axle. For several hours prior to the happening of the accident, the truck had been under the control of and had been operated by the defendant driver in and about city streets. There was testimony by an expert witness, which if believed, would have supported findings by the jury that it would take approximately two months of normal operation before the nut holding the wheel would start to loosen after the cotter pin had been sheared; that, thereupon, the wheel would begin to move and would "shimmy"; that this shimmying effect, which would take place for 15 to 18 hours of actual operating time before the wheel would fall off, would be felt through the steering mechanism of the vehicle; and that the driver would be aware that the wheel was shimmying. Inasmuch as there was a prima facie showing of the qualifications of the expert to express an opinion as to the loosening and shimmying of the wheel prior to its disengagement, the extent or degree of his qualifications affected merely the weight to be accorded to his testimony (32 C. J. S., Evidence, § 458, p. 111); and the testimony of the driver, an interested witness, to the effect that there was no "wobbling" of the wheel before the accident, would merely raise a question of fact. It should be noted, however, that the plaintiff was not entitled to have the case submitted to the jury on the theory of *res ipsa loquitur*. Such doctrine "may be invoked only where the circumstances of the case unexplained justify the inference of negligence". (1 NYPJI note 2:65; *Galbraith* v. *Busch*, 267 N. Y. 230.) Here, the plaintiff had grounded his case upon the shearing of the cotter pin in the wheel and, under the circumstances, such shearing would not give rise to an inference of negligence in the operation of the vehicle or otherwise on the part of the respondents-defendants (the driver, lessee and owner of the vehicle). Concur — Stevens, Eager and Steuer, JJ.; McNally, J. P., and Witmer, J., concur in the following memorandum by McNally, J. P. I concur for reversal but would not exclude the theory of *res ipsa loquitur*. A plaintiff does not lose the benefit of the rule by proving the existence of attendant circumstances which tend to show a possible culpable cause of accident but do not completely explain the occurrence. (*Schroeder* v. *City & County Sav. Bank of Albany*, 293 N. Y. 370; *McKenna* v. *Allied Chem. & Dye Corp.*, 8 A D 2d 463; *Whylie* v. *Craig Hall, Inc.*, 272 App. Div. 603; NYPJI 2:65, p. 147.)