■ LILLIAN KANE, Respondent, v RONALD M. LINSKY et al., Defendants, and DENNIS L. BORDAN et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants Dennis L. Bordan and Alan Wecksell appeal from a judgment of the Supreme Court, Nassau County (Malloy, J.), entered April 7, 1988, which, upon a jury verdict finding them 45% at fault and 10% at fault, respectively, and finding that the plaintiff had suffered total damages in the amount of $1,000,000, was against them in the principal sum of $550,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $750,000, and to reduce the damages payable by the appellants to $412,500, which represents the appellants' proportionate share of the damages to the plaintiff, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

While we do not condone some of the remarks made by the plaintiff's counsel during his summation, we note that the trial court promptly sustained objections to those remarks, ordered them stricken and gave the jury curative instructions. Further, we do not find that the statements which were objected to were so egregious as to warrant the trial court acceding to the appellants' motion for a mistrial. We are satisfied that the remarks did not prevent the careful consideration of the evidence by the jury and were harmless *(see, Abbott v New Rochelle Hosp. Med. Center,* 141 AD2d 589, 591; *Heberer v Nassau Hosp.,* 119 AD2d 729; *John v Supermarket Gen. Corp.,* 116 AD2d 625, 626).

We are unpersuaded that the trial court erred in refusing to give a missing witness charge with respect to Dr. Mulcare and Dr. Cortes. In the case of both doctors the testimony that they might be expected to give was already in evidence, either by the notes and hospital records admitted into evidence, or through the testimony of other experts. Significantly, the

appellants' counsel did not seriously dispute the question of whether a radical as opposed to a modified radical mastectomy was necessary, but, instead, accepted that the decision was based on the exercise of an accepted professional preference. Thus, nothing could be significantly added to Dr. Mulcare's notes, which were in evidence, in which he clearly explained his reason for choosing to perform a radical mastectomy. With respect to Dr. Cortes, his testimony would have been cumulative since there was expert testimony that the plaintiff had responded well to chemotherapy and had had no recurrence of the disease and this was not disputed by the plaintiff (*cf., Wilson v Bodian,* 130 AD2d 221; *Chandler v Flynn,* 111 AD2d 300).

We have reviewed the appellants' contention regarding the admission of the testimony of the plaintiff's daughter and find it to be without merit. The record reveals a careful control by the trial court of the witness's testimony to exclude that which was irrelevant and prejudicial.

Finally, we find the damage award was excessive to the extent indicated. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.