■ DWAYNE JONES, an Infant, by His Mother and Natural Guardian, RUTH JONES, et al., Respondents, v IRENE ANASTASOPOULOS et al., Appellants, et al., Defendant. [645 NYS2d 840] —In a negligence action to recover damages for personal injuries, etc., the defendants Irene Anastasopoulos and Aspasia Patris appeal from a judgment of the Supreme Court, Queens County (Friedmann, J.), entered June 3, 1994, which upon a jury verdict awarding the plaintiff Dwayne Jones $600,000 for past

pain and suffering and $3,000,000 for future pain and suffering, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict for past pain and suffering from the sum of $600,000 to $300,000, and for future pain and suffering from the sum of $3,000,000 to $1,700,000, and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, the judgment, as so decreased and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

There was sufficient evidence as a matter of law to support the jury's liability verdict against the defendant Irene Anastasopoulos (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *see also, Fried v Korn,* 286 App Div 107, 109, *affd* 1 NY2d 691; *Johnson v Elliott,* 95 AD2d 874, 875; *Breese v Hertz Corp.,* 25 AD2d 621, 622).

The Supreme Court properly denied the defendants' request for a missing witness charge (*see,* PJI 1:75) since the testimony of the injured plaintiff's treating physicians would have been merely cumulative (*see, Kane v Linsky,* 156 AD2d 333, 334; *Levande v Dines,* 153 AD2d 671, 672; *Getlin v St. Vincent's Hosp. & Med. Ctr.,* 117 AD2d 707, 708).

The damages that were awarded for past and future pain and suffering are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case (*see,* CPLR 5501 [c]; *see generally, Lemberger v City of New York,* 211 AD2d 622; *Ames v City of New York,* 177 AD2d 528; *Blyskal v Kelleher,* 171 AD2d 718).

In light of the foregoing, we need not reach the appellants' remaining contention. O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.