■ JOHN DEVANEY, Appellant, v CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Respondent. [647 NYS2d 37] —In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunkin, J.), entered July 20, 1994 which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent died on June 3, 1981, at the age of 17, after having been diagnosed as suffering from osteosarcoma with lung metastasis. The plaintiff seeks to impose liability upon the defendant based on the theory that, in 1979, the defendant's staff had negligently interpreted certain x-rays of the decedent's knee, and, more specifically, that the defendant's staff had failed to note the existence of a "tumorous condition". The jury returned a verdict in favor of the defendant based on a finding of no negligence.

On appeal, the plaintiff argues, *inter alia,* that the court erred in not issuing a missing witness charge with respect to two physicians and one nurse who participated in the decedent's treatment in 1979. However, no such charge was necessary because there was no indication that the uncalled witnesses possessed information and knowledge about the alleged malpractice which would not be cumulative with respect to the testimony of the physician who did testify, and with respect to the medical records and other evidence *(see, Colezetti v Pircio,* 214 AD2d 926; *Kane v Linsky,* 156 AD2d 333).

The plaintiff argues that the Supreme Court should have granted a mistrial based on an alleged improper communication between an investigator for the defendant and a juror. We find no improvident exercise of discretion in this respect. The court reasonably concluded after questioning both participants in the conversation that the juror's partiality had not been affected *(see generally, People v Sher,* 24 NY2d 454, 457, *cert denied* 396 US 837; *People v Wakefield,* 212 AD2d 649).

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.