■ MARIANO MALDONADO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [699 NYS2d 915] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered October 5, 1998, which, upon a jury verdict in favor of the plaintiff and against it in the principal sums of $225,000 for past pain and suffering and $500,000 for future pain and suffering, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages for past pain and suffering and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $225,000 to the sum of $100,000, and as to damages for future pain and suffering from the sum of $500,000 to the sum of $150,000, and to the entry of an amended judgment in the principal sum of $250,000 for past pain and suffering and future pain and suffering accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for injuries sustained when the subway train in which he was a passenger collided with another train. The defendant conceded liability and a trial was held on the issue of damages.

Contrary to the defendant's contention, the Supreme Court properly denied its request for a missing witness charge since the testimony of the plaintiff's treating physician would have been merely cumulative (*see, Jones v Anastasopoulos,* 229 AD2d 517, 518; *Levande v Dines,* 153 AD2d 671, 672).

The award of damages for past pain and suffering and future pain and suffering was excessive to the extent indicated because it deviates materially from what would be reasonable compensation under the circumstances of this case (*see,* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.