■ Linda Kaplan, Respondent, v Bruce J. Nadler, Appellant. [735 NYS2d 574] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 6, 2000, which, upon a jury verdict in his favor on the issue of liability, granted the plaintiff's motion to set aside the verdict and for judgment in her favor.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of judgment in favor of the defendant.

The plaintiff claims that she was injured as a result of an infection that developed after she underwent an abdominoplasty and liposuction of the flanks that was performed by the defendant on April 25, 1995. The defendant did not suspect an infection until he examined the plaintiff's wound on the evening of May 1, 1995. At that time he took a culture and sensitivity test, prescribed a stronger oral antibiotic, and recommended hospitalization only if the plaintiff's condition did not improve by the following morning. The parties experts' disagreed as to when the infection first manifested itself, what symptoms would have indicated an infection, and whether the prescription for an oral antibiotic alone, without recommendation for immediate hospitalization, constituted a departure from accepted medical practice.

The jury found that the defendant was not negligent. The Supreme Court set aside the verdict as against the weight of the evidence and directed judgment in favor of the plaintiff on the issue of the defendant's negligence. We disagree.

There was sufficient evidence adduced at trial to support a finding that there were no signs of infection in the wound until the evening of May 1, 1995, when the defendant first suspected an infection. Although the plaintiff testified to the contrary, the credibility of the witnesses and the accuracy of their testimony were issues for the jury to resolve (*see, White v Rubinstein,* 255 AD2d 378; *Levin v Carbone,* 277 AD2d 951). Moreover, the conflicting testimony between the parties' experts regarding when the infection first manifested itself, what symptoms and tests would indicate infection, and whether the failure to hospitalize the plaintiff at the first signs of infection constituted a departure from accepted medical practice, also presented issues of credibility for the jury to resolve (*see, Magnavita v County of Nassau,* 282 AD2d 658; *Plant v Shalit,* 158 AD2d 676). It cannot be said that the verdict for the defendant could not have been reached on any fair interpretation of the evidence and, thus, it was error for the Supreme Court to set aside the verdict and award judgment to the plaintiff (*see, White v Rubinstein, supra; Nicastro v Park,* 113 AD2d 129, 134). Friedmann, J. P., Smith, Adams and Townes, JJ., concur.