*430 In an action to recover damages for medical malpractice, the defendants Anthony J. Policastro, Thomas Cerabona, Westchester County Medical Center, and Westchester County Health Care Corporation appeal from (1) a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 28, 2002, which, inter alia, upon a jury verdict awarding damages to the plaintiff in the principal sums of $350,000 for past pain and suffering, $719,500 for future pain and suffering, and $280,500 for future medical expenses, and upon the granting of that branch of their motion which was to set aside the jury verdict on the issue of damages to the extent of granting a new trial with respect to the damages awarded for future medical expenses unless the plaintiff stipulated to reduce that award from the principal sum of $280,500 to the principal sum of $15,000, and upon the plaintiffs stipulation to so reduce those damages, is in favor of the plaintiff and against them in the principal sum of $1,084,500, and (2) an order of the same court entered September 10, 2002, which denied their motion to stay enforcement of the judgment pending appeal.
Ordered that the appeal from the order is dismissed as academic, without costs or disbursements; and it is further,
Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs to the appellants, and a new trial is granted on the issue of damages only unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the damages as to past pain and suffering from the principal sum of $350,000 to the principal sum of $200,000, and to decrease the damages as to future pain and suffering from the principal sum of $719,500 to the principal sum of $350,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
Contrary to the appellants’ contention, the trial court providently exercised its discretion in permitting the plaintiff to call an undisclosed medical expert during the trial. The surprise testimony regarding the number of surgical tacks used during the plaintiffs hernia operation, which was critical to the issue of proximate cause, established good cause for the plaintiff’s failure to comply with CPLR 3101 (d) (see Price v City of New York, 258 AD2d 635, 636 [1999]; Benedict v Seasille Equities Corp., 190 AD2d 649 [1993]; Simpson v Bellew, 161 AD2d 693, 698 [1990]).
*431 The plaintiff presented legally sufficient evidence on the issue of proximate cause (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). The conflicting testimony of the parties’ medical experts with respect to causation presented a credibility issue for the jury (see David v EZ Rate Rental Corp., 298 AD2d 353 [2002]; Kaplan v Nadler, 289 AD2d 454, 455 [2001]).
The appellants’ contentions regarding the trial court’s rulings and charge are either without merit or, under the circumstances of this case, do not warrant a new trial. The defendants waived their contention that the complaint was barred by the one-year statute of limitations for battery (see Dougherty v City of Rye, 63 NY2d 989, 991-992 [1984]; CPLR 3211 [e]). In any event, there is no merit to their claim that the plaintiffs allegations constituted a cause of action to recover damages for battery, rather than for lack of informed consent (see Messina v Matarasso, 284 AD2d 32, 34 [2001]; Rigie v Goldman, 148 AD2d 23, 28-29 [1989]).
We agree with the appellants that the award of damages for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]; Villa v City of New York, 148 AD2d 699 [1989]; cf. Strangio v New York Power Auth., 275 AD2d 945 [2000]).
The appellants’ remaining contentions are without merit. Florio, J.P, Friedmann, Townes and Mastro, JJ., concur.