■ CALVIN W. GONG et al., Individually and as Parents and Guardians of BRANDON DI NAPOLI, an Infant, Appellants, v DAUT S. GJONI et al., Respondents. [775 NYS2d 419]—

Rose, J. Appeals from two judgments of the Supreme Court (Nolan, Jr., J.), entered March 3, 2003 and March 13, 2003 in Saratoga County, upon a verdict rendered in favor of defendants.

Plaintiffs commenced this action alleging that defendant Daut S. Gjoni, an obstetrician, and defendant Nathan Littauer Hospital Association failed to provide plaintiff Diane M. Di Napoli with proper medical care immediately prior to the delivery of her son, Brandon, by cesarean section, thereby causing him to suffer perinatal asphyxia. We previously affirmed dismissal of the complaint against defendant Terrence Leong, the on-call anesthesiologist, and defendant Laurence Horowitz, the attending pediatrician (294 AD2d 648 [2002]). After trial of the action, the jury returned a verdict in favor of defendants, prompting these appeals by plaintiffs.

Alleging improper administration of Pitocin by Littauer's staff at Gjoni's direction and unreasonable delay in contacting an anesthesiologist for the cesarean section, plaintiffs argue that Supreme Court should have instructed the jury that Littauer, as well as Gjoni, could be found negligent if they failed to comply with two state regulations—10 NYCRR 405.21 (e) (3) (ii) and (4) (ii)—as well as Littauer's own rules regarding obstetrical services. However, since the regulation concerning Pitocin relates primarily to the conduct of the supervising physician and the evidence indicated that Littauer complied with the regulation's directions for hospitals, there is no evidentiary basis to charge the first regulation as to Littauer (see Gillespie v Girard, 301 AD2d 1018, 1019 [2003]). As to the second regulation, the record reveals no proof that Littauer's staff deviated from their standard of care by not alerting the anesthesiologist before Gjoni advised them to do so. Moreover, we note that plaintiffs neither requested that Littauer's internal rules be charged nor objected to the charge on this ground (see Creamer v Amsterdam High School, 277 AD2d 647, 651 [2000]).

Plaintiffs argue next that it was error not to charge that

Gjoni's failure to comply with 10 NYCRR 405.21 (e) (4) (ii) and Littauer's own similar rule is evidence of his negligence. Although this regulation and Littauer's internal rule require the person managing a delivery to alert the anesthesiologist when he or she anticipates complications with the delivery, plaintiffs presented no evidence that Gjoni anticipated complications with the delivery before the time that he directed the staff to alert the anesthesiologist. Rather, plaintiffs attempted to prove that Gjoni should have anticipated complications sooner, and the jury expressly found that Gjoni did not deviate from the standard of care in this regard.

Plaintiffs' remaining contentions are equally unavailing. Supreme Court properly denied plaintiffs' request for a jury instruction and a verdict sheet question regarding their claim that there was an unreasonable delay in administering oxygen to Di Napoli before Brandon's birth, inasmuch as there was no evidence of a causal connection between the alleged earlier deprivation of oxygen to Di Napoli and Brandon's subsequent injuries. Nor did Supreme Court err in refusing to strike the testimony of Frank Manning, Littauer's medical expert, suggesting that the negligence of Leong and Horowitz had contributed to Brandon's injuries and to expressly instruct the jury that neither of them was negligent. Manning's objectionable testimony was elicited by plaintiffs' counsel on cross-examination, and their counsel did not make a timely motion to strike his testimony. In any event, Supreme Court was not required to explain why Leong and Horowitz were no longer defendants in the action (see Harding v Noble Taxi Corp., 182 AD2d 365, 371 [1992]). The court's instruction that the jurors were not to draw any conclusion from the the their absence was sufficient. We also find no merit in plaintiffs' contention that the jury verdict sheet otherwise inaccurately and incompletely stated their claims.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgments are affirmed, with costs.