■ EDWARD LANOCE, Respondent, v MAURICE KEMPTON et al., Defendants, CITIBANK, N.A., Appellant, and TEMCO BUILDING MAINTENANCE, INC., Respondent. (And Third-Party Actions.)
[779 NYS2d 100]—

In an action to recover damages for personal injuries, Citibank, N.A., appeals from (1) a judgment of the Supreme Court, Suffolk County (Costello, J.), entered February 6, 2003, which, upon a jury verdict on the issue of liability finding it 75% at fault and the plaintiff 25% at fault in the happening of the accident, and upon a separate jury verdict awarding damages in the sum of $410,000 for past pain and suffering and $225,000 for future pain and suffering, is in favor of the plaintiff and against it in the principal sum of $476,250 (75% of $635,000), (2) an order of the same court (Cohalan, J.), dated March 17, 2003, which denied its motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability as against the weight of the evidence or, in the alternative, to set aside the jury verdict on the issue of damages as excessive, and (3) so much of a judgment of the same court (Cohalan, J.), entered April 7, 2003, as, upon the jury verdict on the issue of liability, dismissed its cross claims insofar as asserted against Temco Building Maintenance, Inc.

Ordered that the judgment entered February 6, 2003, is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof awarding damages for past pain and suffering and substituting therefor a provision granting a new trial with respect thereto; as so modified, the judgment entered February 6, 2003, is affirmed, without costs or disbursements, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $410,000 to the sum of $300,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment entered February 6, 2003, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated March 17, 2003, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the judgment dated February 6, 2003; and it is further,

Ordered that the judgment dated April 7, 2003, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when he slipped and fell on a patch of ice on the premises of Citibank, N.A. (hereinafter Citibank). The plaintiff commenced this action to recover damages for

personal injuries against, inter alia, Citibank and Temco Building Maintenance, Inc. (hereinafter Temco), the snow and ice removal contractor hired by Citibank. After a trial on the issue of liability, the jury found Citibank 75% at fault and the plaintiff 25% at fault in the happening of the accident. The jury found that Temco was not at fault.

Contrary to Citibank's contention, the plaintiff established a prima facie case of negligence on its part (see *Solomon v City of New York*, 66 NY2d 1026 [1985]; *Panzarella v Multiple Parking Servs.*, 238 AD2d 906 [1997]). Additionally, the jury verdict on the issue of liability was amply supported by the evidence adduced at the trial (see *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

There is no merit to Citibank's contention that it was entitled to contractual indemnification by Temco. The jury found that Temco was not negligent in the happening of the accident (see *Baratta v Home Depot USA*, 303 AD2d 434 [2003]; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457 [2001]; *Keshavarz v Murphy*, 242 AD2d 680 [1997]). In addition, the contract between Citibank and Temco expressly exempted Temco from liability for Citibank's negligence (see *Matter of Heimbach v Metropolitan Transp. Auth.*, 75 NY2d 387 [1990]; *Goldwasser v Geller*, 279 AD2d 297 [2001]).

After a trial on the issue of damages, the jury found that the plaintiff's injuries were causally related to his accident, and awarded him damages for past and future pain and suffering. Contrary to Citibank's contention, the court properly denied its motion to strike the testimony of one of the plaintiff's experts. There was no evidence that the plaintiff's delay in retaining the expert and serving an expert witness notice was willful or intentional, or that Citibank was prejudiced as a result (see CPLR 3101 [d] [1] [i]; *Shopsin v Siben & Siben*, 289 AD2d 220 [2001]).

The Supreme Court properly denied Citibank's request for a missing witness charge since the testimony of that missing witness would have been merely cumulative (see *Maldonado v New York City Tr. Auth.*, 267 AD2d 361 [1999]).

The award of damages for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]).

Citibank's remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.