■ SUZANNE MANNING et al., Respondents, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, Defendant, and KITTI LOYCHUSUK, Appellant. [782 NYS2d 833]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Kitti Loychusuk appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated September 9, 2003, as granted that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in his favor dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against him, and (2) from an order of the same court dated October 22, 2003, which granted the plaintiffs' motion to vacate a judgment entered May 27, 2003, upon a jury verdict, dismissing the complaint insofar as asserted against him.

Ordered that the order dated September 9, 2003, is reversed insofar as appealed from, on the law and the facts, and as a matter of discretion, that branch of the plaintiffs' motion which was to set aside the jury verdict dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against the appellant is denied, and the jury verdict dismissing that cause of action insofar as asserted against the appellant is reinstated; and it is further,

Ordered that the order dated October 22, 2003, is reversed, on the law, the plaintiffs' motion to vacate the judgment is denied, and the judgment is reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On April 16, 1991, the defendant doctor, Kitti Loychusuk (hereinafter the defendant doctor), performed laser surgery on the infant plaintiff to remove viral plantar warts. The infant plaintiff developed scars, and she and her mother commenced the instant action asserting, inter alia, a cause of action sounding in lack of informed consent. After trial, the jury rendered a verdict in favor of the defendant doctor. The trial court, without objection, extended the plaintiffs' time to move to set aside the verdict for 60 days. The defendant doctor entered judgment upon the verdict. However, the Supreme Court granted that

branch of the plaintiff's motion which was to set aside the jury verdict dismissing the cause of action sounding in lack of informed consent insofar as asserted against the defendant doctor and granted the plaintiffs' separate motion to set aside the judgment dismissing the complaint insofar as asserted against the defendant doctor. The defendant doctor appeals.

The Supreme Court had jurisdiction to entertain the plaintiffs' motion to set aside the verdict after a final judgment had been entered (*see* CPLR 4404 [a]; *Ruben v American & Foreign Ins. Co.,* 185 AD2d 63 [1992]). The motion was not untimely (*see* CPLR 4405) since it was made within the extended time limitation set by the trial court without objection.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]). The sole issue before this Court is whether the jury's verdict with respect to the cause of action sounding in lack of informed consent insofar as asserted against the defendant doctor was based upon a fair interpretation of the evidence.

Public Health Law § 2805-d (1) defines lack of informed consent as "the failure of the person providing the professional treatment . . . to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation." To establish a cause of action sounding in lack of informed consent the plaintiff also must establish that "a reasonably prudent person in the patient's position would not have undergone the treatment . . . if he [or she] had been fully informed and that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought" (Public Health Law § 2805-d [3]).

With respect to the cause of action to recover damages for lack of informed consent, the verdict sheet asked the jury three questions corresponding to the three elements of a cause of action sounding in lack of informed consent: (1) whether the defendant doctor, before obtaining the plaintiffs' consent to the laser vaporization procedure provided "proper, adequate, complete information," (2) whether a reasonably prudent person in the plaintiffs' position would have decided not to undergo the operation or procedure if given appropriate information concerning the risks and alternatives, and (3) whether the procedure was a substantial factor or proximate cause in causing the injury

(*see* Public Health Law § 2805-d). The jury was instructed that if it answered "yes" to the first question, it was not to go further.

The jury answered "yes" to the first question and did not go further. Therefore, the issue before the Supreme Court and this Court is whether the jury, based upon a fair interpretation of the evidence, could have reached the conclusion that the defendant doctor provided the plaintiffs with "proper, adequate, complete information" which a reasonable practitioner under similar circumstances would have disclosed. The Supreme Court found that the jury could not have reached that conclusion upon any fair interpretation of the evidence. We disagree.

Pursuant to Public Health Law § 2805-d (1) the defendant doctor was required to disclose such risks and alternatives as a "reasonable . . . practitioner under similar circumstances would have disclosed." On this issue, the defendant doctor testified at the trial that the infant plaintiff was referred to him by another doctor for "removal of warts" after treatment of the condition with medication for approximately two years was unsuccessful. The defendant doctor advised the plaintiffs that it was likely that the condition would not respond to medication and laser surgery was the best option. The defendant doctor testified that he advised that laser surgery could result in bleeding, infection, and sometimes scarring.

The defendant doctor acknowledged that he never advised the plaintiffs that warts can disappear on their own in 20 to 25 % of cases. However, the evidence indicates that the infant plaintiff's condition, which was viral in origin, had not cleared up on its own after treatment with medication and was, in fact, proliferating. The defendant doctor's expert testified that under the circumstances, the defendant doctor's advice constituted "good and accepted medical practice."

The infant plaintiff's mother signed a consent form, admitted in evidence at the trial, which stated that she was authorizing "laser vaporization of plantar warts of the vulva, leg and finger and if any unforeseen condition arises in the course of the operation calling in his judgment for procedures in addition to or different from those now contemplated" authorizing the defendant doctor "to do whatever he deems advisable." The words "laser vaporization of plantar warts of the vulva, leg and finger" are all handwritten.

The infant plaintiff's mother claimed the consent form only authorized removal of warts around the vulva and other handwritten notations were added later. The defendant doctor testified that he reviewed the terms of the consent form with

the infant plaintiff's mother and she made no objections and did not request any changes. The defendant doctor's expert testified that based upon the language of the consent form, "[t]here was no deviation from good and accepted medical practice." Questions of credibility are for the jury to resolve (see Kaplan v Nadler, 289 AD2d 454 [2001]).

The plaintiffs sought damages for all of the scars resulting from the laser vaporization procedure. No distinction was made between the face, which was not referred to in the consent form, and the leg and finger, which were specifically set forth in the consent form. The jury, without objection, was not asked separate questions with respect to the face, leg, finger, and other parts of the body. The plaintiffs "having charted their own course on this issue, should not now be heard to complain" that the verdict was against the weight of the evidence with respect to specific parts of the body such as the face (Malki v Krieger, 213 AD2d 331, 335 [1995]).

In view of the foregoing, the jury verdict with respect to the cause of action to recover damages for lack of informed consent was based upon a fair interpretation of the evidence. H. Miller, J.P., Goldstein, Cozier and Skelos, JJ., concur.