◼ MIGDALIA HERNANDEZ-VEGA et al., Appellants, v ZWANGER-PESIRI RADIOLOGY GROUP et al., Defendants, and LONG ISLAND MEDICAL ASSOCIATES, INC., et al., Respondents. [833 NYS2d 627]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 31, 2006, which granted the motion of the defendants Long Island Medical Associates, Inc., and Anthony Adamo, and the separate motion of the defendants New York Spine & Brain Surgery, P.C., and Arthur P. Rosiello, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated March 6, 2006, which, upon the order, is in favor of the defendants Long Island Medical Associates, Inc., and Anthony Adamo and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from so much of the order as granted the motion of the defendants Long Island Medical Associates, Inc., and Anthony Adamo for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from so much of the intermediate order as granted the motion of the defendants Long Island Medical Associates, Inc., and Anthony Adamo for summary judgment dismissing the complaint insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs contend that the Supreme Court erred in considering the expert affidavits submitted by the respondents in support of their respective motions because they had not complied with the plaintiffs' demand for expert witness information pursuant to CPLR 3101 (d) (1) (i). "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert

witness information 'at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute', unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Aversa v Taubes,* 194 AD2d 580, 582 [1993], quoting *Lillis v D'Souza,* 174 AD2d 976 [1991]; *see also Lanoce v Kempton,* 8 AD3d 449, 451 [2004]; *Shopsin v Siben & Siben,* 289 AD2d 220, 221 [2001]; *Cutsogeorge v Hertz Corp.,* 264 AD2d 752, 753-754 [1999]). Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in considering the affidavits of the respondents' experts as there was no evidence that the respondents' failure to disclose was intentional or willful and there was no showing of prejudice to the plaintiffs (*see Lanoce v Kempton, supra; Shopsin v Siben & Siben, supra*).

The Supreme Court also properly granted summary judgment to the respondents. "On a motion for summary judgment dismissing the complaint in a medical malpractice action, 'the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Chance v Felder,* 33 AD3d 645 [2006], quoting *Williams v Sahay,* 12 AD3d 366, 368 [2004]). "Once the defendant has made a prima facie showing, the burden shifts to the plaintiff to lay bare his or her proof and demonstrate the existence of a triable issue of fact" (*Chance v Felder, supra* at 645-646). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [the] defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]).

The respondents established their entitlement to judgment as a matter of law through the submission of their respective experts' affidavits (*see Chance v Felder, supra; Anderson v Lamaute,* 306 AD2d 232, 233 [2003]; *DiMitri v Monsouri,* 302 AD2d 420, 421 [2003]; *Wilson v Buffa,* 294 AD2d 357 [2002]; *Juba v Bachman,* 255 AD2d 492, 493 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavits submitted by the plaintiff Migdalia Hernandez-Vega in opposition to the respondents' respective motions directly contradicted her deposition testimony and were properly rejected as "a feigned attempt to avoid the consequences of the earlier admission" (*Gadonniex v Lombardi,* 277 AD2d 281, 282 [2000]). Additionally, the affidavits of the plaintiffs' expert submitted in opposition were insufficient to raise a triable issue of fact as they

were based on facts directly contradicted by the evidence (*see Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]). Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.