˗ (September 8, 2009)

■ JO ANN P. BROWNE et al., Respondents, v CHARLES SMITH et al., Appellants. [886 NYS2d 696]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated November 14, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability by establishing that the plaintiff driver's vehicle proceeded into an intersection controlled by a stop sign without yielding the right of way to an approaching vehicle (see Vehicle and Traffic Law § 1142 [a]; *Mateiasevici v Daccordo*, 34 AD3d 651 [2006]). The plaintiffs, however, raised a triable issue of fact with their submission of an expert affidavit (see *Cox v Nunez*, 23 AD3d 427, 428 [2005]; *Romano v 202 Corp.*, 305 AD2d 576, 577 [2003]). "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information 'at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute,' unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710, 710-711 [2007], quoting *Aversa v Taubes*, 194 AD2d 580, 582 [1993]). Here, the Supreme Court did not improvidently exercise its discretion in considering the expert materials submitted by the plaintiffs in opposition to the defendants' summary judgment motion since there was no evidence that the failure to disclose was intentional or willful, and there was no showing of prejudice to the defendants (see *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d at 710; *Simpson v Tenore & Guglielmo*, 287 AD2d 613 [2001]). Moreover, the defendants had sufficient time to respond to the plaintiffs' submissions. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.