■ JOSEPH GERDVIL, Appellant, v VITO J. RIZZO et al., Respondents. [888 NYS2d 167]—In an action to recover damages for podiatric malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Weber, J.), entered July 30, 2007, which, upon a jury verdict in favor of the defendants and against him, and upon an order of the same court dated June 12, 2007, denying his motion, inter alia, pursuant to CPLR 4404 (a), to set aside the verdict and for judgment as a matter of law, or to set aside the verdict as contrary to the weight of the evidence, or in the interest of justice, and for a new trial, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs change.

The Supreme Court properly denied the plaintiff's motion,

inter alia, pursuant to CPLR 4404 (a), to set aside the verdict in favor of the defendants and against him and for judgment as a matter of law, or to set aside the verdict as against the weight of the evidence, or in the interest of justice, and for a new trial. There was a valid line of reasoning by which the jury could have concluded that the defendants did not depart from good and accepted podiatric practice (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Moreover, the verdict, based on a fair interpretation of the evidence, was not contrary to the weight of the evidence (see Nicastro v Park, 113 AD2d 129, 134 [1985]).

To the extent the plaintiff contends that the Supreme Court erred in failing to submit to the jury his theory of lack of informed consent, the contention is without merit.

To the extent the plaintiff claims that the Supreme Court erred in failing to submit to the jury his theories of podiatric malpractice other than the one actually submitted, he has waived the contention. At the conclusion of the court's charge to the jury, the plaintiff was given an opportunity to object (see CPLR 4110-b). As relevant here, the plaintiff objected only to the Supreme Court's failure to charge the theory of lack of informed consent.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.