■ CHARMAINE MANGAROO, Appellant, v JAMES BECKMAN et al., Respondents. [904 NYS2d 212]—In an action, inter alia, to re-

cover damages for medical malpractice, the plaintiff appeals (1) from a judgment of the Supreme Court, Queens County (Orlikoff-Flug, J.), entered June 27, 2008, which, upon a jury verdict, is in favor of the defendants and against her, dismissing the complaint, (2) from an order of the same court entered September 10, 2008, which denied her motion, among other things, to set aside the jury verdict pursuant to CPLR 4404 as contrary to weight of the evidence and for a new trial, and for leave to amend the complaint, and (3), as limited by her brief, from so much of an order of the same court dated November 18, 2008, as, upon reargument, adhered to the prior determination in the order entered September 10, 2008.

Ordered that the appeal from the order entered September 10, 2008 is dismissed, as that order was superseded by the order dated November 18, 2008; and it is further,

Ordered that the judgment entered June 27, 2008 is affirmed; and it is further,

Ordered that the order dated November 18, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff contends that the Supreme Court should have set aside, as contrary to the weight of the evidence, the jury verdict finding that the defendants did not depart from the accepted standard of care. However, "[w]here both the plaintiff and the defendants presented party . . . and expert testimony in support of their respective positions, it was within the province of the jury to determine the credibility of those witnesses" (*Johnson v Jacobowitz*, 65 AD3d 610, 613 [2009]). Under the circumstances of this case, the jury verdict on this issue was not against the weight of the evidence (*see Gerdvil v Rizzo*, 67 AD3d 637 [2009]; *Johnson v Jacobowitz*, 65 AD3d at 613; *Landau v Rappaport*, 306 AD2d 446 [2003]; *see also Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663, 664 [2009]).

Further, contrary to the plaintiff's contention, the jury verdict as to the cause of action to recover damages based on lack of informed consent was not contrary to the weight of the evidence. "To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed,

and (3) that the lack of informed consent is a proximate cause of the injury" (*Foote v Rajadhyax*, 268 AD2d 745, 745 [2000] [citations omitted]; *see Spano v Bertocci*, 299 AD2d 335, 337-338 [2002]; Public Health Law § 2805-d). Under the circumstances herein, the jury's finding that the defendant James Beckman obtained the plaintiff's informed consent to the anesthesia procedures was not contrary to the weight of the evidence (*see Manning v Brookhaven Mem. Hosp. Med. Ctr.*, 11 AD3d 518, 521-522 [2004]; *Bobek v Crystal*, 291 AD2d 521, 523 [2002]).

The Supreme Court properly denied the plaintiff's request for a jury charge and to modify a question on the jury verdict sheet regarding the defendants' purported violation of certain record-keeping regulations and rules. The evidence at trial showed that any such violations were not causally related to the injuries (*see Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 142-143 [2007]; *Gong v Gjoni*, 6 AD3d 896, 897-898 [2004]). The plaintiff failed to preserve for appellate review her challenge to the jury verdict sheet question regarding the alleged departures from the standard of care (*see Schlecter v Abbondadello*, 5 AD3d 582 [2004]).

The plaintiff's remaining challenge to the jury charge is not preserved for appellate review (*see Schlecter v Abbondadello*, 5 AD3d 582 [2004]).

The Supreme Court properly denied so much of the plaintiff's posttrial motion as sought leave to amend the complaint (*see* CPLR 3025 [c]; *Matter of Laplante v Laplante*, 70 AD3d 1039 [2010]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.