In an action, inter alia, to recover damages for medical malpractice, the defendant Matthew Neil Silverman appeals from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated February 1, 2012, as denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff asserts, inter alia, that the defendant Matthew Neil Silverman improperly removed her right ovary while performing a laparoscopic cystectomy on her left ovary. The plaintiff commenced this action against Silverman and others alleging, among other things, medical malpractice. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Silverman, and Silverman appeals.
A defendant physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Xiao Yan Chen v Maimonides Med. Ctr., 104 AD3d 680 [2013]; Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]; Swanson v Raju, 95 AD3d 1105, 1106 [2012]; Faicco v Golub, 91 AD3d 817, 818 [2012]; Stukas v Streiter, 83 AD3d 18, 24 [2011]). Once the defendant physician has made such a *716 showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (see Gillespie v New York Hosp. Queens, 96 AD3d at 902; Stukas v Streiter, 83 AD3d at 24). In order to defeat a defendant’s motion for summary judgment, a plaintiff must only rebut the defendant’s prima facie showing (see Stukas v Streiter, 83 AD3d at 30; see also Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Summary judgment is not appropriate in a medical malpractice action where the parties present conflicting medical expert opinions (see Xiao Yan Chen v Maimonides Med. Ctr., 104 AD3d 680 [2013]; Contreras v Adeyemi, 102 AD3d 720, 721 [2013]; DiGeronimo v Fuchs, 101 AD3d 933, 936 [2012]; Hayden v Gordon, 91 AD3d 819, 821 [2012]). Such conflicting expert opinions raise issues of credibility to be resolved by a jury (see Contreras v Adeyemi, 102 AD3d at 721; DiGeronimo v Fuchs, 101 AD3d at 936; Hayden v Gordon, 91 AD3d at 821).
Here, Silverman demonstrated his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him by establishing that he did not depart from good and accepted medical practice while operating on the plaintiff and, in any event, that the plaintiff was not injured by any such departure. In addition to Silverman’s deposition testimony that he did not see a right ovary during the plaintiffs surgery and his denial that he removed it, Silverman submitted an affirmation of a board-certified obstetrician/gynecologist, who opined that there was no proof that the plaintiffs right ovary was removed during the surgery performed by Silverman. In addition, the expert obstetrician/gynecologist opined that the plaintiff did not suffer any ill effects as a result of the procedure. Silverman also submitted an affirmation of a board-certified radiologist, who opined that the sonograms of the plaintiffs pelvis taken before the surgery did not demonstrate that the plaintiff had a right ovary and that an MRI taken after the subject surgery did not show evidence that the right ovary had been removed surgically.
In opposition, the plaintiff raised triable issues of fact through the affirmation of her medical expert who opined, inter alia, that based upon sonogram reports prior to the subject surgery which demonstrated the presence of the plaintiffs right ovary, Silverman removed it during the subject surgery. The plaintiffs expert also relied on the operative report, which found the right ovary to be “normal,” various post-surgical sonograms and an MRI which noted that the right ovary was either not visualized or had been removed surgically, and a post-operative note which stated “right ovary not visualized.” The plaintiffs expert also *717 opined that, as a result of Silverman’s negligence, the plaintiff sustained certain injuries.
The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Silverman. Dillon, J.E, Austin, Sgroi and Cohen, JJ., concur.