In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated July 13, 2012, as denied those branches of their motion which were for summary judgment on the issue of liability as against the defendant Seth E. Persky, and pursuant to CPLR 3126, in effect, for the imposition of the sanction of preclusion against the defendant Seth E. Persky for his failure to comply with a discovery demand.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs’ motion which was pursuant to CPLR 3126, in effect, for the imposition of the sanction of preclusion against the defendant Seth E. Persky for his failure *815 to comply with a discovery demand, and substituting therefor a provision granting that branch of the motion to the extent of precluding the defendant Seth E. Persky from offering any evidence at trial based upon photographic images of the subject procedure should they become available; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff John Romano (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action after the injured plaintiff allegedly sustained a perforation of the esophagus during a medical procedure performed by the defendant physician Seth E. Persky on November 4, 2005. This injury required an additional surgical procedure, which allegedly resulted in phrenic nerve damage and diaphragm paralysis on the injured plaintiffs left side. Pursuant to a third notice for discovery and inspection dated August 24, 2007, the plaintiffs demanded the production of all still or moving photographs taken during the procedure on November 4, 2005. Persky responded that he was not in possession of any such photographs. During his deposition on November 5, 2007, Persky testified that it was his custom and practice to take intraoperative photographs during procedures, but that there were no such photographs in the injured plaintiff’s chart, and he had not conducted a search for any photographs taken during the procedure.
On January 10, 2012, the plaintiffs moved, inter alia, for summary judgment on the issue of liability as against Persky, and pursuant to CPLR 3126, in effect, for the imposition of sanctions against Persky for his failure as of that date to comply with their demand to produce the intraoperative photographs, specifically requesting, inter alia, a sanction precluding Persky from offering any such photographic evidence at trial. The Supreme Court denied those branches of the motion.
The Supreme Court properly denied that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability as against Persky. To establish their prima facie entitlement to judgment as a matter of law on the issue of liability for medical malpractice, the plaintiffs were required to demonstrate that Persky departed from good and accepted standards of medical practice, and that the departure was a proximate cause of the injured plaintiffs injuries (see Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d 887 [2007]). The plaintiffs established, prima facie, through the affidavit of their expert physician, that Persky departed from good and generally accepted medical practice, and that those departures were a *816 proximate cause of the injured plaintiffs injuries (see Console v Wyckoff Hgts. Med. Ctr., 19 AD3d 637 [2005]). However, in opposition, Persky raised a triable issue of fact, through the affirmation of his expert physician, as to whether Persky departed from good and accepted medical practice, and, if so, whether such departures were a proximate cause of the injured plaintiffs injuries. The Supreme Court providently exercised its discretion in considering the affirmation of Persky’s expert, even though it was submitted after the filing of the note of issue, as there was no evidence that Persky’s failure to disclose expert witness information was intentional or willful, and there was no showing of prejudice to the plaintiffs (see Browne v Smith, 65 AD3d 996 [2009]; Hernandez-Vega v Zwanger-Pesiri Radiology Group, 39 AD3d 710 [2007]; see generally Rivers v Birnbaum, 102 AD3d 26 [2012]). Summary judgment is not appropriate in a medical malpractice action where, as here, the parties present conflicting medical expert opinions. Such conflicting expert opinions raise issues of credibility to be resolved by a jury (see Shehebar v Boro Park Obstetrics & Gynecology, P.C., 106 AD3d 715 [2013]; Iulo v Staten Is. Univ. Hosp., 106 AD3d 696 [2013]).
To establish their prima facie entitlement to judgment as a matter of law on the issue of liability as against Persky on their cause of action alleging lack of informed consent, the plaintiffs were required to demonstrate (1) that Persky failed to disclose alternatives to the subject treatment and failed to inform the injured plaintiff of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent was a proximate cause of the injury (see Magel v John T. Mather Mem. Hosp., 95 AD3d 1081 [2012]; Mangaroo v Beckman, 74 AD3d 1293 [2010]; Trabal v Queens Surgi-Center, 8 AD3d 555 [2004]). The plaintiffs failed to satisfy their prima facie burden on the cause of action alleging lack of informed consent, and thus, the Supreme Court properly denied that branch of their motion.
However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs’ motion which was pursuant to CPLR 3126 for the imposition of the sanction of preclusion against Persky for his failure to comply with the plaintiffs’ discovery demand for photographic images taken during the subject procedure. As a sanction against a party who “refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been *817 disclosed,” a court may issue an order “prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony” (CPLR 3126 [2]; see Holloway v Station Bar Corp., 112 AD3d 784 [2013]). The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter resting within the discretion of the court (see Edwards v Prescott Cab Corp., 110 AD3d 671 [2013]). Here, on the record presented, in light of Persky’s usual practice to take intraoperative photographs and his admitted failure to search for, and if found, to produce such photographs pursuant to the plaintiffs’ discovery request, the sanction of preclusion is appropriate. Accordingly, the Supreme Court should have granted that branch of the motion to the extent of precluding Persky from offering any evidence at trial based upon photographic images of the subject procedure should they become available.
Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.