■ Patricia Duncan, Respondent, v Eastern Women's Center, Inc., Also Known as Parkmed Eastern Women's Center, et al., Appellants. [994 NYS2d 658]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Eastern Women's Center, Inc., also known as Parkmed Eastern Women's Center, appeals, and the defendant Michael M. Molaei, separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated December 5, 2012, as denied those branches of their separate motions which were for summary judgment dismissing the causes of action to recover damages for medical malpractice insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On August 27, 2005, the plaintiff was admitted to Eastern Women's Center, Inc., also known as Parkmed Eastern Women's Center (hereinafter Parkmed), for elective termination of a pregnancy. A sonographer employed by Parkmed performed a transvaginal sonogram prior to the procedure. After reviewing three representative images from the sonogram, which showed a normal pregnancy within the uterus, obstetrician/gynecologist Michael M. Molaei performed a procedure to terminate the pregnancy. The termination of the intrauterine pregnancy was confirmed in a pathology report.

After being released later in the day without apparent complications, the plaintiff continued to experience pain, dizziness, and cramping. On September 8, 2005, she was taken to Brookdale Hospital Medical Center, where she underwent an exploratory laparotomy and was found to have a ruptured right cornual ectopic pregnancy.

In May 2007, the plaintiff commenced this action against Parkmed and Molaei. She alleged, inter alia, that both defendants were negligent in failing to perform "indicated procedures

in a proper manner and in performing indicated procedures negligently," referring to the failure to diagnose and treat an alleged second ectopic pregnancy located in the cornual portion of her right fallopian tube, which caused her to undergo an unwanted surgery with ensuing complications.

Parkmed and Molaei separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied those branches of the defendants' separate motions which sought summary judgment dismissing the medical malpractice causes of action insofar as asserted against each of them.

The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury (*see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758 [2008]). "In moving for summary judgment dismissing a complaint alleging medical malpractice, the defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Xiao Yan Chen v Maimonides Med. Ctr.*, 104 AD3d 680, 681-682 [2013]; *see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 819; *Shehebar v Boro Park Obstetrics & Gynecology, P.C.*, 106 AD3d 715, 716 [2013]; *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]). Only once the defendant has made such a showing will the burden shift to the plaintiff to demonstrate the existence of a triable issue of fact solely as to those elements on which the defendant met the prima facie burden (*see Shehebar v Boro Park Obstetrics & Gynecology, P.C.*, 106 AD3d at 715-716; *Gillespie v New York Hosp. Queens*, 96 AD3d at 902).

Here, Molaei failed to make a prima facie showing of his entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him, since he failed to tender sufficient evidence to eliminate all triable issues of fact (*see Zapata v Buitriago*, 107 AD3d 977, 978 [2013]). Specifically, Molaei did not establish that his failure to observe the alleged mass in the cornual area of the plaintiff's fallopian tube either before or during the procedure was not a departure. In support of his motion, Molaei submitted an affirmation stating that he performed all terminations under "sonographic guidance," meaning that he used a real-time transabdominal sonogram throughout the procedure, to enable him to visualize the patient's entire uterus and cornua. However, as Molaei admitted in his deposition testimony, the

plaintiff's medical chart did not document that a sonogram was used during the procedure. Further, while Molaei's expert opined, in his affirmation, that the standard of care required the sonographer to visualize the fallopian tubes, which would include the cornua, preoperatively, Molaei testified that he could not visualize the plaintiff's fallopian tubes in any one of the three images that had been provided for his review by the Parkmed sonographer before he began the procedure. Nevertheless, his expert stated that Parkmed's sonographer did not see any evidence of a pregnancy in the fallopian tubes.

Similarly, Parkmed did not meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against it because it also failed to tender sufficient evidence to eliminate all triable issues of fact (*see Zapata v Buitriago*, 107 AD3d at 978). Parkmed did not present any evidence to demonstrate that its sonographer visualized the cornual portion of the plaintiff's fallopian tube when she performed the transvaginal sonogram prior to the procedure and detected no abnormalities.

Since the defendants did not satisfy their respective burdens, we need not consider the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Perre v Vassar Bros. Hosp.*, 52 AD3d 670 [2008]).

Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were for summary judgment dismissing the medical malpractice causes of action insofar as asserted against each of them. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.