In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered May 30, 2014, as, upon a jury verdict, is in favor of the defendant and against them dismissing the cause of action alleging lack of informed consent.
 

 Ordered that the judgment is affirmed insofar as appealed from, with costs.
 

 The plaintiff Robert Alessi (hereinafter the plaintiff), and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action alleging, inter alia, that the defendant doctor failed to appropriately inform the plaintiff of the risks associated with a vasectomy. At the trial, the plaintiffs and the defendant presented conflicting expert testimony regarding the appropriate standard of care. The jury determined that the defendant provided the plaintiff with appropriate information before obtaining his consent to the vasectomy, and the Supreme Court entered a judgment dismissing the complaint. On appeal, the plaintiffs contend that the verdict as to the cause of action alleging lack of informed consent should be set aside as contrary to the weight of the evidence and the matter remitted for a new trial.
 

 To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove: “ ‘(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury’ ” (Spano v Bertocci, 299 AD2d 335, 337-338 [2002], quoting Foote v Rajadhyax, 268 AD2d 745, 745 [2000]; see Public Health Law § 2805-d [1], [3]; Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 811 [2016]; Mangaroo v Beckman, 74 AD3d 1293, 1294-1295 [2010]). Here, the verdict was based on a fair interpretation of the evidence (see Giammarino v Carlo, 144 AD3d 1086, 1086 [2016]; Mangaroo v Beckman, 74 AD3d at 1294-1295; Manning v Brookhaven Mem. Hosp. Med. Ctr., 11 AD3d 518, 520-521 [2004]). Where, as here, the plaintiffs and the defendant presented divergent expert testimony, it was the province of the jury to determine the credibility of the experts (see Giammarino v Carlo, 144 AD3d at 1086; Chiara v Dernago, 128 AD3d 999, 1002-1003 [2015]; Mancusi v Setzen, 73 AD3d 992, 993 [2010]).
 

 Accordingly, we affirm the judgment insofar as appealed from.
 

 Rivera, J.R, Hall, Miller and Duffy, JJ., concur.